Burrows & Jennings v. Alter and others.

Burrows and
Jennings
v.
Alter and
others.

1. Under the plea that a deed was obtained by fraud, covin, and misrepresentation, the only evidence of fraud that can be received is that in relation to the execution of the instrument. Fraud in the consideration, or a partial or total failure of consideration, is no defence to an action at law, upon a bond.

2  The validity of a deed of assignment cannot be questioned by those creditors who voluntarily, and with full knowledge of all the circumstances, became parties to it, although it may be void as to those creditors who are not parties to the deed.

Error to St. Louis Circuit Court.

Hamilton for Plaintiffs in Error.

Blair and Gantt for Defendants.

*Opinion of the Court, delivered by Scott, Judge.*

The plaintiffs, as endorsers, brought an action of assumpsit on a bill of exchange against the defendants, as drawers of the same. The defendants pleaded a release. The plaintiffs replied that the release was obtained by fraud, covin, and misrepresentation, on which issue was joined. On the trial the plaintiffs obtained a verdict and judgment, to reverse which this writ of error is prosecuted.

Under the plea that a deed was obtained by fraud, covin, and misrepresentation, the only evidence of fraud that can be received is that in re lation to the execution of the instrument Fraud in the consideration, or a partial or total failure of consideration, is no defence to an action at law, upon a bond.

It appears from the evidence that the defendants, being in failing circumstances, made an assignment of their effects for the benefit of their creditors. The deed of assignment contained a clause by which all creditors claiming the benefits of its provisions, were required to release their debts against the defendants. The plaintiffs became a party to the assignment by executing the same. It is admitted that under the decisions of this court the deed of assignment was void as to creditors. Under the plea that a deed was obtained by fraud, covin, and misrepresentation, the only evidence of fraud that can be received is that in relation to the execution of the instrument, as that the party was illiterate, and the deed was misread to him, or that another deed than that intended to be executed was substituted. But fraud in

MAY TERM. 1842.

Burrows and Jennings v. Alter & others.

the consideration, or a partial or total failure of consideration, is no defence to an action at law on a bond. The seal itself imports a consideration. Relief must be sought in equity. Don v. Munsell, 13 John ; Jackson v. Hill, 8 Cowen; 6 Munford. 358; Montgomery v. Tiffin, 1 Mo. Rep. It has been repeatedly remarked that the precedent of a plea in Chitty, asserting a doctrine contrary to this principle, is without authority, and is not sustained by the cases cited in support of it.

We cannot imagine on what ground it can be said the release pleaded in bar, was fraudulently obtained by the defendants. The deed of assignment was not absolutely void; it was only voidable by the creditors and purchasers of the party making it. Crocket v. Wright, 7 Missouri Rep.; 15 John. R. 571 ; 5 Cowen, 547. Here the plaintiffs so far from avoiding the deed, voluntarily assented to it, with their eyes open, and fully apprised of all the facts, they executed it. How can it be said that the deed was made to hinder, delay, or defraud them, when they voluntarily became parties to the same. That the deed is void as to those who did not assent to it, is no reason why its validity should be questioned by those who executed it. Hone v. Henriquez, 13 Wendell, 240. The court does not wish to be understood as giving any opinion as to the right of the plaintiffs to relief in equity. It simply maintains that at law the party is precluded from denying the validity of the release contained in the deed of assignment to which he deliberately became a party.

Judgment reversed,

*The validity of a deed of assignment cannot be questioned by those creditors who voluntarily, and with full knowledge of all the circumstances, become parties to it, although it may be void as to those creditors who are not parties to the deed.*