GAAR, SCOTT & CO., Appellant, v. J. A. HILL, Respondent.

Kansas City Court of Appeals, May 22, 1905.

1. **CONTRACTS: Consideration: Parol Evidence.** The considerations of written contracts are open to explanation by parol evidence, and certain evidence relating to the making of a contract and a duplicate thereof and a subsequent memoranda agreement with the cause of its execution, is held properly admitted.

2. **SALES: Instructions: Evidence: Appellate Practice.** Certain instructions relating to the sale of a thrashing machine and the agreements by which it was accepted are held to be correct statements of the law with evidence supporting them, and the verdict is binding on the appellate court.

Appeal from Boone Circuit Court.—*Hon. Alex. H. Waller,* Judge.

AFFIRMED.

Gaar, Scott & Co. v. Hill.

*H. S. Booth* and *C. B. Sebastian* for appellant.

(1)   The first instruction given by the court of its own motion for the plaintiff is not the law of the case and the court erred in so declaring it.   (2)   The first instruction given for the defendant mingles the two contracts and gets the second one in before the first one and makes it a part of the original contract and is erroneous in this that it tells the jury that the defendant was not bound to receive the machine unless it was equipped with wide tired iron wheels, when neither the unsigned memoranda given defendant nor the contract said anything about the width of the wheels.   The second contract was given by Ora Crean after the machine had arrived and was merely an order given defendant showing that he was entitled to a set of iron wheels six inches wide upon returning the ones he had. There was nothing in the evidence authorizing the instruction to the jury that the defendant was not bound to accept the machine unless equipped with wide tired iron wheels.   (3)   The second instruction given by the court to the jury on the part of the defendant is clearly erroneous in this that there is no evidence warranting the first part of the instruction and second that it holds plaintiff for the acts of Ora Crean without permitting the jury to determine whether he was acting within the scope of his authority in giving the order for the six inch iron wheels.   Third, because it limits the use of the machine to defendant's neighborhood.   (4)   The instructions offered by plaintiff present the issues made by the pleadings and were warranted by the evidence and should have been given.

*Thos. S. Carter* for respondent.

(1)   Appellant insists that the contract under which the machine was purchased was not in issue and that the court erred in admitting evidence showing how

the contract was obtained. Now, that issue was clearly raised by the charge of fraud in the answer. When fraud is an issue courts will permit the evidence to take a wide range with the view of uncovering all the facts and circumstances. Loan Co. v. Baker, 54 Mo. App. 79; Robertson v. Shepherd, 165 Mo. 360; State v. O'Neill, 151 Mo. 67; Haubelt v. Mill Co., 77 Mo. App. 672; Suddarth v. Lime Co., 79 Mo. App. 585; Hartman v. Hornesby, 142 Mo. 368; Mosby v. Com. Co., 91 Mo. App. 500. (2) Plaintiff in its brief makes no point as to its refused instructions but complains of those given in its behalf by the court of its own motion. Now, upon reading the instructions together, both those given for the plaintiff and defendant, it will be found that they submit all the issues raised by the pleadings and proofs and correctly declare the law. We think as a whole they are more favorable to the plaintiff than the defendant.

ELLISON, J.—The present action is based on promissory notes executed by defendant to plaintiff for the purchase price of a threshing machine. The judgment in the trial court was for the defendant.

It appears from the evidence that plaintiff is a manufacturing company in Indiana and that it sold the machine to defendant through agents in the State of Iowa. That defendant afterwards removed to this State and hence was sued here. Defendant bought the machine late one evening. The agent filled out a contract on a printed blank in the usual form except that there was interlined that the machine should be on wide tire iron wheels. That was given to defendant and then, at the agent's request, he signed a blank contract which the agent was to fill out like the one given him. But the agent failed to make the change calling for wide tire iron wheels and so when the machine came defendant discovered that it had narrow tire wooden wheels and refused to accept it. Whereupon, plaintiff's agent gave him a written memoranda that he was "entitled to a set

of separator wheels six inches wide, iron and return the ones he has." Defendant thereupon took the machine and executed the notes sued on with chattel mortgage on the machine to secure payment. It appears that the iron wheels were never furnished and the machine proved unsatisfactory and was finally sold by plaintiff under the mortgage, and defendant is now sued on the notes.

In this state the rule that written contracts cannot be varied by parol has never been held to prevent inquiry into the consideration of such contract so as to show a full or partial failure of consideration. So, therefore, we reject all the objections urged here as to the court's ruling on the admission of evidence. Under the pleadings in the cause it was defendant's right to have a full hearing as to the purchase of the machine and of how the contracts, intended to be duplicates, above referred to were made; and, also, as to the subsequent memoranda agreement and how it came to be executed. And so we think there was ample evidence, in the absence of anything to the contrary, to show that George and Crean were agents of the plaintiff. There was no other inference to be drawn from the whole evidence.

Proceeding to the instructions, we find those offered by plaintiff were refused by the court and he gave two of his own motion in plaintiff's behalf. Two were also given for the defendant. These instructions simplified the issues and clearly submitted to the jury the only questions properly in the case. That for plaintiff directed the jury to find for plaintiff if the written contract to which defendant's name was attached, was made out and signed by defendant (that is, not signed in blank as above mentioned) then he had no right to refuse the machine because of the wooden tired wheels three and one-half inches wide. And that even though the contract was signed in blank to be filled out by plaintiff's agent, but was afterwards filled out as agreed

between the agent and defendant, the finding should be for plaintiff.

The first instruction given for defendant was practically the converse of that for plaintiff. The second directed the jury to find for defendant if they believed that the machine on arrival was equipped with narrow wooden wheels when by agreement it should have been equipped with broad iron wheels and for that reason was refused by defendant. And that thereupon plaintiff's agent agreed with defendant that if he would take the machine and execute the notes herein that plaintiff would furnish such iron wheels, and that upon the faith of such promise defendant executed the notes, and that plaintiff then failed or refused to furnish the iron wheels, and that the machine so equipped with wooden wheels could not be moved from place to place in defendant's neighborhood without great loss of time and expense, and that defendant's business of threshing grain could not be carried on, then the jury might find that the consideration had failed.

There was evidence to support plaintiff's view of the case, but as we regard the instructions as correct, we accept the verdict of the jury as binding upon us.

Judgment is affirmed. All concur.