JOSEPH R. PILE et al., Respondents, v. EVA BRIGHT, Appellant.

Springfield Court of Appeals, May 8, 1911.   Motion for Rehearing Overruled, June 13, 1911.

1. EVIDENCE: Contracts: Contradicting Written Instrument: Fraud: Statute of Frauds: Consideration. Plaintiff sued to recover a balance of $60 due as commission for selling defendant's property and produced a written contract, made subsequent to the sale, in which plaintiff agreed to pay $100 commission, the said commission to be paid out of each alternate monthly installment on the purchase price, which the purchaser had contracted to pay. Defendant claimed and offered oral evidence to show that the plaintiffs, as an inducement to defendant to sell her property, had agreed that the purchaser would pay $500 of the purchase price in the following January, and that plaintiffs would take up at any time the second mortgage which had been given by the purchaser to secure plain-

tiff on the purchase price. *Held.* that the trial court properly excluded this oral testimony for the following reasons: (1) the promise of plaintiffs to guarantee that the purchaser would pay $500 in January after the execution of the contract was void under the statute of frauds; (2) the promise to take up the second mortgage, being a promise to perform something in the future, could not be made the basis of an action for fraud; (3) the expressed consideration in the contract to pay a commission shows upon its face to be a part of the terms of the contract itself and in such case cannot be contradicted by parol evidence.

2. **CONTRACTS: Evidence: Contradicting Written Instrument: When Consideration is Mere Recital.** The law is well settled that when the recital of a consideration in a written contract can be fairly regarded as a mere recital or a statement of the receipt of money, then such recital may be explained by parol and the actual consideration for the contract shown, even though to do so may apparently contradict the recital in the contract.

3. ———: ———: ———: **When Consideration is Part of Contract.** If the statement in a written contract in relation to the consideration shows upon its face that the expressed consideration is a part of the terms of the contract itself, then that part of the writing stands, as any other part, and it cannot be contradicted, added to nor subtracted from by parol.

4. ———: **Action at Law: Duty of Court: Principal and Agent.** In an action at law upon a written contract, the sole duty of the court is to construe and enforce the contract as the parties have written it, and although the contract may have been made between a principal and agent, this fact, without more, does not change the rule.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*L. S. Dewey* and *John B. Cole* for appellant.

(1) The court committed error by ruling and holding upon the trial of said cause that failure and want of consideration for the contract declared upon by plaintiffs could not be shown by defendant on account of the fact that said contract was in writing. R. S. 1909, sec. 1974. (2) The court committed error in directing a

verdict for plaintiffs when it was conceded the plaintiffs were acting as agents for defendant and by their conduct had deceived and misled her, to her injury, and thereby procured in the contract for their own advantage, upon which their right to a commission is attempted in this suit to be founded. Bishop on Contracts, page 14; Story on Agency, page 273; Reinhard on Agency, secs. 239, 240, 241; Mechem on Agency, page 300; Van Raalte v. Epstein, 202 Mo. 191; Marshall v. Ferguson, 94 Mo. App. 175; Clinkenbeard v. Weatherman, 157 Mo. 115. (3) It is against good conscience to allow a party by deceit, or by his own wrong, to keep the fruits of a bargain obtained by such means, however the bargain may be evidenced. Culver v. Smith, 82 Mo. App. 398; Florida v. Morrison, 44 Mo. App. 539; Caldwell v. Henry, 76 Mo. 254; Walsh v. Morse, 80 Mo. 573; Ring v. Vogel, 44 Mo. App. 111; Bigelow on Fraud, 11; Redgrave v. Hurd, 20 Chy. Div. 1; Cooley on Torts, 586; Glasscock v. Minor, 11 Mo. 655; Hamlin v. Abell, 120 Mo. 188; Herman v. Hall, 140 Mo. 277. (4) Even the novation of a debt is not within the statute of frauds. Schaufeldt v. Smith, 139 Mo. 377; Holt v. Dollarhide, 61 Mo. 433; Flanagan v. Hutchinson, 47 Mo. 237. (5) The court committed error in not distinguishing between what the law regards as fraud where parties are vi et armis and what the law regards as fraud by a party occupying a fiduciary relation, such as plaintiffs occupied in this case. Lawson on Contracts, sec. 298; Culp v. Powell, 68 Mo. 238.

*E. F. Cameron* for respondents.

(1) In the absence of fraud or mistake, parol or extrinsic evidence is not admissible to vary, add to, modify or contradict the terms or provisions of a written instrument by showing the intentions of the parties to have been different from what is expressed in writing; for where parties have put their contract in writing

all previous understandings and agreements are presumed to be incorporated in the written instrument. Zellar v. Ranson, 140 Mo. App. 220; Breden Co. v. Wright, 134 Mo. App. 717; Neville v. Hughes, 104 Mo. App. 455; Tate v. Railroad, 131 Mo. App. 105. (2) Testimony for want of consideration is quite different in legal effect from proof which undertakes to defeat an instrument by some agreement not expressed in the instrument or which is in conflict with its other terms. Trustees v. Hoffman, 95 Mo. App. 488; Jackson v. Railroad, 54 Mo. App. 644; Davis v. Gann, 63 Mo. App. 425. (3) Even though respondents agreed to guarantee the payment of $500 in case it was not paid by McAdams, such an agreement is within the statute of frauds and must be in writing. R. S. 1909, sec. 2783.

COX, J.—This is an action by plaintiffs to recover balance alleged to be due them for commission as real estate agents for having sold property belonging to defendant. The action was begun before a justice of the peace December 6, 1909, and in that court plaintiffs recovered judgment for $60.00, and defendant appealed to the circuit court. In the circuit court the plaintiffs filed an amended statement and defendant filed thereto an answer in which she alleged that the property sold was encumbered and that her purpose in selling it was to get rid of the incumbrance and secure other property that was unencumbered. That plaintiffs found a purchaser for this property who offered to purchase it at the price of $2250.00, the purchaser to assume the mortgage of $1000.00 and to pay $100 cash when the deed was executed, and to pay $20.00 per month until the balance should be paid, and to secure the unpaid portion by a second mortgage upon the property. That defendant rejected this offer for the reason that it did not provide for enough cash to enable her to purchase other property, and for the further reason that she did not like a second mortgage as security. That to overcome these objections

upon her part plaintiffs represented to her that the purchaser would pay $500 the following January, and further that plaintiffs would take up the second mortgage for her. That upon plaintiffs making these promises she, the defendant, consented to the sale, entered into a written contract with the purchaser, and also executed the contract for the payment of commission to plaintiffs upon which this suit is founded. Defendant alleged that the purchaser did not pay the $500.00 in the following January as plaintiffs had represented he would, and that the plaintiffs had refused to take up the second mortgage as they had agreed to do, and that for that reason there was a failure of consideration of the contract sued upon; and alleged further that defendant had been damaged by plaintiffs' failure to comply with their part of the contract in the sum of $150. Defendant also alleged that the statements and assurances of the plaintiffs were fraudulently made without any intention of complying therewith, but for the sole purpose of inducing the defendant to execute the contract to pay commissions and thus wrongfully secure a claim against her.

At the trial, attorney for defendant admitted for the purposes of the trial that plaintiffs were partners and had sold the property of defendant for $2250.00; that defendant executed the contract with the purchaser, and also the contract in suit to pay plaintiffs' commission and that she had paid thereon the sum of $40.00 only, and that the purchaser had made the monthly payments as required by his contract from the date of the sale to the date the suit was brought. Plaintiffs then offered in evidence the contract for the sale of the property by which it appeared that the purchase price was as had been stated, $2250. The purchaser was to assume the encumbrance of one thousand dollars, pay one hundred dollars cash, and pay $20.00 per month until the remainder of the purchase price should be paid. This

contract was dated August 28, 1908. Plaintiffs then offered the contract upon which the suit was based, which is as follows:

"Pile & Perry,
Lands and City Property,
Rentals and Insurance.
Joplin, Mo., Aug. 28th, 1908.

This agreement made and entered into this 28th day of August, 1908, by Eva Bright and Pile and Perry, agents, parties of the second part.

Witnesseth: For and in consideration of the sale of Lot No. 82 in Schifferdecker's Addition to the City of Joplin, Mo., to E. M. McAdams for the sum of two thousand two hundrd and fifty dollars this day made by Pile & Perry, party of the first part agrees to pay to parties of the second part the sum of one hundred dollars as commission in full on said sale. Parties of the scond part agree to take their commission as follows: The second monthly payment made by purchaser, E. M. McAdams, amounting to twenty dollars shall be taken by them or paid to them by said first party, and each alternate payment made by said purchaser shall be paid to parties of the second part until the full sum of one hundred dollars shall have been paid.

> EVA BRIGHT,
> PILE & PERRY,
> By J. R. PILE."

Plaintiff then rested. Attorney for defendant placed the defendant on the witness stand and offered to prove by her the facts set out in her answer, and that if plaintiffs had not stated to her that they would guarantee that the purchaser would pay $500.00 of the purchase price in the following January, and that they would take up the second mortgage at any time she should request them to do so that she would not have made the sale and would not have signed the contract to pay commission sued upon in this case. Upon plain-

tiffs' objection, the court excluded this testimony, and the defendant offering nothing further, the jury were peremptorily instructed to find for the plaintiffs. Defendant has appealed, assigning as error the action of the court in giving the peremptory instruction for plaintiffs.

Defendant now insists that the conduct of the plaintiffs amounted to fraud upon her and that their promises to her were the sole inducement for the execution of the contract to pay commission, and hence, there has been a failure of consideration as well as fraud in the inception of the contract.

The promise of plaintiffs, if made, to guarantee that the purchaser would pay $500.00 in January after the execution of the contract was an agreement upon their part to answer for the debt of another, and, therefore, void under the Statute of Frauds. [R. S. 1909, sec. 2783.]

The promise to take up the second mortgage, if made and not kept, could not be made the basis of an action for fraud. False representations, to be actionable, must relate to a past or existing fact, and a promise to perform something in the future standing alone cannot be made the basis of an action for fraud. [Stocking v. Howard, 73 Mo. 25; Bullock v. Wooldridge, 42 Mo. App. 356; Davidson v. Hobson, 59 Mo. App. 130; Matthews v. Eby, 149 Mo. App. 157, 129 S. W. 1016.]

This brings us to the question whether the promise of plaintiffs, if made, to take up the second mortgage can be considered a part of the consideration for the contract upon defendant's part to pay commission upon the sale as she had agreed to do in the contract sued upon in this case.

It will be observed that the contract expressly states that the consideration for defendant's agreement to pay commission is the sale of her property by plaintiffs. Can this be contradicted by parol testimony and it be thus shown that the sale of the property was not the entire

consideration, but that as a matter of fact the agreement of plaintiffs to take up the second mortgage executed by the purchaser to defendant was also a part of the consideration, and, therefore a part of the contract so as to require plaintiffs to perform, or offer to perform, that obligation upon their part before they can maintain an action upon the contract?

. There has been some variation between the early and later cases in this state upon the question of explaining, or contradicting by parol, an expressed consideration of a written contract, but the law is now well settled that when the recital of a consideration in a written contract can be fairly regarded as a mere recital, or a statement of the receipt of money, then such recital may be explained by parol, and the actual consideration for the contract shown even though to do so may apparently contradict the recital in the contract. In this class of cases the recital as to the consideration is regarded in the same light as a receipt for money and may be explained, or even contradicted by parol; but if the statement in a written contract in relation to the consideration shows upon its face that the expressed consideration is a part of the terms of the contract itself then that part of the writing stands as any other part and it cannot be contradicted, added to, nor subtracted from, by parol. [Halferty v. Scearce, 135 Mo. 428, 37 S. W. 113; Jackson v. Railroad, 54 Mo. App. 636; Trustee Christian University v. Hoffman, 95 Mo. App. 488, 69 S. W. 474; Neville v. Hughes, 104 Mo. App. 455, 79 S. W. 735; Tait v. Railroad Co., 131 Mo. App. 107, 110 S. W. 622.]

This contract expressly states that defendant agrees to pay plaintiffs $100 for services performed by them in selling her property and shows beyond the possibility of cavil that the provision for the payment of commission for the particular services already rendered was of the substance of the contract itself and not a mere recital

that could be contradicted, or explained away, or added to, by parol testimony.

If it were true that plaintiffs agreed to take up the second mortgage, or to guarantee that the purchaser would pay $500.00 in the following January, and it was their promise to do so that induced defendant to execute the contract sued upon in this case then these provisions should have been incorporated in the written contract when it was written, but since they were not it will be conclusively presumed in an action at law upon the contract that they have been abandoned, and hence, they cannot now be considered.

Appellant seeks to invoke the rule that an agent must deal fairly with his principal, and that one occupying a fiduciary relation to another cannot profit by results which he has been able to accomplish by reason of that relation. This is a salutary rule and is firmly imbedded in our law, but we do not think the facts in this case bring it within the rule. This is an action at law upon a written contract; and the sole duty of the court was to construe and enforce this contract as the parties had written it.

The court was right in excluding the proffered testimony, and the judgment will be affirmed. All concur.