## C. & A. J. MATTHEWS, Respondents, v. PHOENIX INSURANCE COMPANY, APPELLANT.

St. Louis Court of Appeals.     Argued and Submitted October 10, 1911.     Opinion Filed November 7, 1911.

1. RELEASES: Construction: Ambiguity: Admission of Parol Evidence. A written instrument, headed "St. Louis and San Francisco Railroad Co. to C. & A. J. Matthews, Dr.," followed by, "In full settlement and satisfaction of all claims of whatever kind and description, arising from or growing out of loss or damage to any and all kinds of property up to and including the 18th day of January, 1909, including buildings, corn and hay . . . $800.00," after which appears check marks of officers of the railroad, following which is this: "Received February 8, 1909 of the St. Louis and San Francisco Railroad Company $800 in full payment, release and discharge of above claim. (Signed) C. and A. J. Matthews," is a release and not a mere receipt, and there is no ambiguity in it justifying the admission of parol evidence to explain it.

2. EVIDENCE: Written Instruments: Parol Evidence to Explain: Releases. Parol evidence is not admissible to explain the meaning of terms used in a contract of release, unless there is a latent ambiguity about such terms.

3. FIRE INSURANCE: Action on Policy: Violation of Subrogation Clause. In an action on a fire insurance policy, defended on the theory that insured had settled the cause of action against a railroad company whose act caused the fire, thereby

Matthews v. Insurance Co.

depriving insurer of its right of subrogation as provided by the policy, *held* that a release executed by insured to the railroad company on its face comprehended the loss in suit, and that it could not be contradicted or explained by parol evidence, and hence that a judgment for plaintiff could not stand.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*Oliver & Oliver* and *Barclay, Fauntleroy & Cullen* for appellant.

(1) The plaintiffs by releasing the railroad company destroyed the rights against the wrongdoer and disabled themselves from performing their obligation to the defendant to preserve its rights of subrogation, and therefore plaintiffs cannot exact from the defendant the performance of its obligation to pay to them the loss. Ins. Co. v. Railroad, 74 Mo. App. 106; Packham v. Ins. Co., 91 Md. 515, 50 L. R. A. 828; Highland v. Ins. Co., 209 Pa. 134; Kennedy v. Ins. Co., 91 N. W. 831, 50 L. R. A. 828; Ins. Co. v. Railroad, 34 Pac. 281; Ins. Co. v. Weller, 68 N. W. 443; Ins. Co. v. Parsons, 4 N. Y. Supp. 621; C. B. & Q. v. Emmons, 42 Ill. App. 138; Hall v. Railroad, 13 Wall 367; Steam Co. v. Ins. Co., 129 U. S. 397; Railroad v. Ins. Co., 139 U. S. 223; Platt v. Railroad, 108 N. Y. 361; Ins. Co. v. Transp. Co., 117 U. S. 312; Dilling v. Draemel, 16 Daly 104, 9 N. Y. Supp. 497; Carstairs v. Ins. Co., 18 Fed. 473; Ins. Co. v. Fidelity Title & T. Co., 123 Pa. 516; Sims v. Ins. Co., 101 Wis. 586; Railroad v. Ins. Co., 53 Neb. 514. (2) The instrument introduced in evidence is in the nature of an agreement or stipulation showing that a certain sum was given and accepted in settlement of a claim for unliquidated damages, and must be regarded as contractual in its nature and its terms or legal effect cannot be altered by parol evidence. Boffinger v. Bank, 120 U. S. 198; Squires v. Amherst, 145

Mass. 192; Vaughan v. Mason, 23 R. I. 350; Williams v. Railroad, 85 Mo. App. 103; Jackson v. Railroad, 54 Mo. App. 636; Blakely v. Beunecke, 59 Mo. 193; State ex rel. v. Stuart, 74 Mo. App. 186; Curro v. Altieri, 66 N. Y. Supp. 499; Williams v. Kansas City, 85 Mo. App. 103; Sims v. Railroad, 102 Mo. App. 29; Jackson v. Railroad, 54 Mo. App. 636; Blakely v. Beunecke, 59 Mo. 193; State ex rel, v. Stuart, 74 Mo. App. 186; s. c., 92 Mo. App. 586, 164 Mo. 166, 111 Mo. App. 478.

*J. H. Hale* and *Frank Kelly* for respondent.

We insist under the facts disclosed in this case parol evidence was admissible to explain the receipt. Ellis v. Bray, 79 Mo. 238; Harrington v. Railroad, 60 Mo. App. 223; Ireland v. Spickard, 95 Mo. App. 64; Aull v. Trust Co., 149 Mo. 17; Sawyer v. Walker, 204 Mo. 159.

REYNOLDS, P. J.—Respondents, plaintiffs below, commenced this action before a justice of the peace, to recover $200 for loss of property by fire, the property destroyed covered by an insurance policy issued by defendant, appellant here. Defendant filed a written answer and what it designates as a counterclaim before the justice. This answer admitted the issue of the policy, but set out that one of the conditions of it was that if the defendant insurance company should claim that the fire complained of was caused by the act or negligence of any person or corporation, it (the defendant), as insurer, should be subrogated to the right of recovery the assured might have against such person or corporation; that plaintiffs recognized the right of defendant to subrogation and assigned and set over to defendant all their rights and choses in action to the extent of the amount of the policy ($200) against the St. Louis & San Francisco Railroad Company, which company the defendant claimed had negli-

gently set fire to and caused the burning of the house described in the policy; that afterwards plaintiffs, still recognizing the right of subrogation in defendant, signed articles of subrogation, conveying to defendant all their right in action to the extent of $200, which it had against the railroad company; that afterwards plaintiffs, disregarding the articles of subrogation and the conditions of the policy, made a demand on the railroad company for the damage and loss accruing to them by reason of the negligent burning of the house described in the policy and received and accepted from the railroad company $800, and executed therefor a full release to the railroad company; that the release is in full satisfaction and relieves the railroad from any liability to plaintiffs on account of the loss from the fire and that plaintiffs, having thus released the railroad company from any liability to them on account of the fire, this defendant cannot now be subrogated to that right and cannot recover from the railroad company for the damage caused by the fire, which act of plaintiffs defendant charges was a breach of the conditions of the policy of insurance and a bar to further prosecution of this action. As a further defense, defendant, repeating that plaintiffs have received the $800 from the railroad company and have accepted the same and executed a full release to the railroad company for all damages caused by the fire, claims that plaintiffs have received full value for the loss they have sustained; that their claim has been paid and that they should not be permitted to further prosecute this action. This last defense apparently is what is designated as a counterclaim.

Plaintiffs recovered before the justice and appealed to the circuit court, where on a trial under the same pleadings and before the court, a jury being waived, plaintiffs again recovered. Defendant thereupon appealed to this court. Pending its determination here, the cause was transferred to the Springfield

Court of Appeals, under the Act of the General Assembly of this state (Laws 1909, p. 396, now section 3939, R. S. 1909), and was afterwards sent back to this court in consequence of the holding of the Supreme Court in the case of State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon et al., 232 Mo. 496, 134 S. W. 538.

It appears by the files that the judgment was affirmed by the Springfield Court of Appeals for failure on the part of appellant to comply with the rules. [See case under same title, 153 Mo. App. 386, 134 S. W. 587.]

The cause coming on for hearing in our court, and briefs duly filed, it has been here argued and submitted. It is sufficient to say that it appeared in evidence that the policy contained the usual subrogation clause; that plaintiffs had, in writing, acknowledged that and had executed and delivered to defendant an assignment of any claim they had against the railroad company on account of loss of the building to the amount of two hundred dollars. Defendant introduced two papers, admittedly executed by plaintiffs. The first certifies that upon the St. Louis & San Francisco Railroad Company paying to plaintiffs the sum of $800, plaintiffs agree to accept that sum "in full settlement and satisfaction of all claims, of whatever kind and description, arising from or growing out of damages to any and all kinds of property up to and including the 18th day of January, 1909, including all damages to property destroyed by fire on or about November 6, 1908." The second paper, also admittedly executed by plaintiffs and the officers of the railroad company, consists of an account headed, "St. Louis and San Francisco Railroad Company, to C. & A. J. Matthews, Dr.," with this following: "In full settlement and satisfaction of all claims of whatever kind and description, arising from or growing out of loss or damages to any and all kinds

160 App.—36

of property up to and including the 18th day of January, 1900, including buildings, corn and hay. . . . $800.00.'' This account bears the approval and check marks of various officers of the railroad. Following these approvals is this: ''Received February 8, 1909, of the St. Louis and San Francisco Railroad Company, eight hundred 00|100 dollars, in full payment, release and discharge of above claim. (Signed.) C. and A. J. Matthews.'' Evidence was received over the objection of defendant, tending to show that in the negotiations between plaintiffs and the railroad company for this settlement, the building insured and destroyed had been excluded from the adjustment made by plaintiffs with the railroad company; that there were several buildings destroyed in the fire and that the buildings referred to in this paper did not include the building covered by the insurance policy. The court admitted this evidence, defendant excepting, and at the conclusion of the case rendered a finding and judgment for plaintiffs for the full amount claimed ($200) and interest.

It is practically conceded by counsel for the respective parties that the decision of the case turns upon the action of the court in admitting parol evidence to explain what was covered or included in the words ''to any and all kinds of property . . . including buildings,'' in the papers introduced, in the clause reading ''in full settlement and satisfaction of all claims of whatever kind and description, arising from or growing out of loss or damages to any and all kinds of property up to and including the 18th day of January, 1909, including buildings, corn and hay.'' There was no contention but that the period named covered the loss.

The theory upon which counsel for appellant endeavor to sustain the introduction of parol testimony to explain what was included with the words ''any and all kinds of property . . . including buildings, corn.

and hay," rests upon the contention that the papers introduced and which were confessedly executed between plaintiffs and the railroad company were mere receipts and not conclusive, but that the real consideration could be shown and the real meaning of the instruments explained by parol testimony.

We are unable to agree that this second paper referred to as having been introduced is a mere receipt. By its very terms, and as plain as language can make it, it is a contract, a release and discharge of all claims for damages and cannot be considered in any other light. It follows from this that parol evidence or evidence *aliunde* the paper itself cannot be introduced to explain the meaning of its terms, unless the words used, that is to say, the words, "any and all kinds of property," and the words, "including buildings, corn and hay," are latent ambiguities. If there is any latent ambiguity about these words in this release, they are subject to the consideration of a jury or the court as a trier of fact and may be explained by parol evidence. It is useless to endeavor to invoke the doctrine applicable to latent ambiguities as applicable to these words, or to contend that these terms used are ambiguous. There is no ambiguity, latent or patent, in this instrument. It is plain and unmistakable in terms and not only needs no construction or interpretation but interprets itself. This case does not fall within Darnell v. Lafferty, 113 Mo. App. 282, 88 S. W. 784. In that case there was latent ambiguity; here there is none. The learned trial court erred in admitting any testimony whatever tending to show that the building insured, being one of those destroyed, was not covered by this release. As the determination of this settles this case, it is unnecessary to give it further consideration.

The judgment of the circuit court is reversed. *Nortoni* and *Caulfield, JJ.,* concur.