## GUNTER v. STANDARD OIL CO. (IND.).
### No. 9394.

Circuit Court of Appeals, Eighth Circuit.
July 6, 1932.

C. A. Randolph, of Kansas City, Mo. (Edmund H. McVey, Roy W. Rucker, Lester G. Seacat, and McVey, Freet & Randolph, all of Kansas City, Mo., on the brief), for appellant.

R. R. Brewster, Jr., of Kansas City, Mo. (R. R. Brewster and W..B. Bostian, both of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment on the pleadings.

Appellant (plaintiff below) sued appellee for damages for breach of an alleged oral contract for employment.

The complaint alleges that on or about March 17, 1923, plaintiff, while in the employ of defendant, met with an accident due to the alleged negligence of the defendant, and suffered personal injury to one of his hands; that he made claim against defendant for damages.

"That thereafter and on or about the 31st day of May, 1923, the plaintiff and the defendant entered into an oral agreement and contract whereby the defendant agreed to hire and employ the plaintiff during the rest and remainder of his life as a stillman helper for the defendant in its said refinery at a wage of Eight and 62/100 Dollars ($8.62) per day, and the plaintiff agreed as a consideration for the defendant's employing him at said wage during the rest and remainder of his life to execute to the defendant a final release and discharge of any and all liability of the defendant to the plaintiff, arising out of and based upon the injuries so received and sustained by the plaintiff aforesaid.

"That in keeping with said contract and agreement, and as a consideration for his employment for life aforesaid, the plaintiff on or about said date executed to the defendant a final release and discharge of all claims which he had or might have against the defendant for or on account of said injuries so sustained by him."

The complaint further alleges that plaintiff entered upon and continued in the discharge of his duties pursuant to said contract until August 4, 1924, when defendant, in violation of the contract, discharged him and refused further to continue him in its employ; that plaintiff suffered damages by the breach of contract.

The answer admits the original employment, the accident and the injury to plaintiff, and alleges that thereafter plaintiff and defendant entered into a written contract by the terms of which plaintiff accepted $200 in full settlement and satisfaction of all claims and demands, including any and all claims for damages arising out of said accident and the injuries sustained by the plaintiff; that defendant paid plaintiff the sum of $200 as agreed; that the written contract was the only settlement or agreement made between the plaintiff and defendant; and that it was intended and understood by all the parties to be and was a full and complete settlement of all claims of the plaintiff against the defendant by reason of the accident and injuries complained of. The answer further alleges that by reason of this written contract of settlement and the payment of the consideration by the defendant to the plaintiff, the plaintiff is estopped to set up any further promise, agreement, or consideration than that set out in the contract.

Attached to the answer is a copy of the instrument of release. It reads as follows:

"Settlement for Injuries

"Do not sign without understanding

"Received of The Standard Oil Company, an Indiana Corporation, the sum of Two Hundred & no/100 Dollars ($200.00) in full settlement and satisfaction of all claims and demands whatsoever to date hereof, including any and all claims for damages arising out of accidental injuries sustained by me at the Plant of said Standard Oil Company, on or about the 17th day of March, 1923. This release being intended to cover all claims for damages on account of said injuries, or the results or consequences flowing therefrom.

"In Witness Whereof, I have hereunto set my hand and seal at Sugar Creek, State of Missouri, this 31st day of May, 1923.
"[Signed] Sam J. Gunter [Seal.]."

Plaintiff in his reply alleges: "That the execution of said paper [the instrument of release] was but a part of the entire oral agreement and was one of the considerations for the making of the oral agreement herein sued upon, and he alleges that said oral agreement was one of the considerations for

signing said paper and reiterates the allegations of his petition."

Defendant's motion for judgment on the pleadings was granted; and from the judgment entered, the present appeal was taken.

One of the main contentions of appellant is that the court erred in holding that the written instrument of release precluded proof of the alleged oral contract. Reliance is placed by appellant upon section 954, Revised Statutes of Missouri 1929 (Mo. St. Ann. § 954), which reads as follows: "Whenever a specialty or other written contract for the payment of money, or the delivery of property, or for the performance of a duty, shall be the foundation of an action or defense in whole or in part, or shall be given in evidence in any court without being pleaded, the proper party may prove the want or failure of the consideration, in whole or in part, of such specialty or other written contract."

We do not think the statute has the effect claimed for it by appellant. The statute was intended to allow a party to show a want or failure in whole or in part of the consideration of a specialty or other written contract when such instrument was being used in evidence against him. This statute of Missouri, in its prior form, was enacted in 1845 and is to be found as sections 19, 20, and 21, Rev. St. 1845, p. 832. That its purpose was as above stated is made clear by comparing the decision of the Supreme Court of Missouri in Burrows v. Alter, 7 Mo. 424, rendered before the enactment of the statute, with the decision in Smith v. Busby, 15 Mo. 388, 391, 57 Am. Dec. 207, rendered after the enactment of the statute. In the latter case the court said: "At common law, a failure of the consideration of a bond, whether partial or total, was no defense to an action on the instrument. A partial or a total failure of the consideration of a note might be used as a defense to an action upon it. Our statute has now abolished all distinctions between bonds and notes in this respect, and a failure of consideration, in whole or in part, may be given in evidence to defeat or diminish the recovery in an action on those instruments." Citing page 832, Rev. St. 1845, now section 954, R. S. Mo. 1929.

We think the Missouri statute did not change the rule that parol evidence will not be allowed to contradict, add to, or vary a written contract, absent fraud, accident, or mistake, with perhaps an exception in the case of notes and due bills. The following cases from the courts of Missouri are in point:

In Interurban Construction Co. v. Hayes, 191 Mo. 248, 89 S. W. 927, the court, in discussing the matter, said (page 291 of 191 Mo., 89 S. W. 927, 939): "In all business transactions the reduction to writing of the agreement is but to preserve the evidence of their contract, and Mr. Greenleaf in his admirable work upon Evidence, in speaking of a receipt, says that 'in so far as it is evidence of a contract between the parties, it stands on the footing of all other contracts in writing, and cannot be contradicted or varied by parol.' 1 Greenleaf's Ev. (16 Ed.) par. 305. This law as applicable to receipts finds full support by numerous well considered adjudicated cases." Citing cases.

In Wishart v. Gerhart, 105 Mo. App. 112, 78 S. W. 1094, cited by appellant, the court, in discussing the statute, said (page 116 of 105 Mo. App., 78 S. W. 1094).:

"That statute manifestly does not affect the law of estoppel, or the inviolability of written contracts. * * *

"No rule of law is more firmly established than that, in the absence of fraud, accident, or mistake, oral evidence cannot be received to vary or contradict a written contract."

In Boswell v. Richards (Mo. App.) 224 S. W. 1031, 1032, suit was brought on a due-bill. The court in its opinion said:

"There are many cases sustaining the general rule that parol evidence will not be allowed to contradict, add to, or vary a written contract and when the consideration is shown to be contractual it cannot be contradicted, added to, or subtracted from. Pile v. Bright, 156 Mo. App. 301, 308, 137 S. W. 1017; [General Accident & Life] Insurance Co. v. Owen Building Co., 195 Mo. App. 371, 374, 192 S. W. 145. But the rule that written contracts cannot be varied by parol has generally been held not to prevent inquiry into the consideration. This applies to the amount recited to be paid in ordinary promissory notes or due bills. Gaar, Scott & Co. v. Hill, 113 Mo. App. 13, 87 S. W. 609; Patt v. Leavel, 161 Mo. App. 242, 142 S. W. 833.

"In the present case the facts pleaded and proven by defendant amount to proof of a partial failure of consideration, and such defense is allowed by statute."

The distinction made by the Missouri decisions turns upon whether the instrument is contractual in respect to the consideration. Thus, in Barry v. Bernays, 162 Mo. App. 27, 141 S. W. 933, the court said (page 935 of 141 S. W., 162 Mo. App. 27): "There is no contractual stipulation contained in the

deeds with respect to the consideration passed, and they are not immune from parol explanation on that account."

In the recent Missouri case of Mueller v. Shell Pipe Line Corporation (Mo. App.) 38 S.W.(2d) 297, a release was executed by the plaintiff in substantially the following language: "June 23, 1928—Received from Shell Pipe Line Corporation $80.00 in full of all damages for the laying of pipe line in the place and manner it has been laid, and also in full of all damages sustained to date, including alleged damage by water overflowing from creek at pipe line crossing."

Later plaintiff brought suit for damage to his corn crop. Defendant pleaded the release. Plaintiff offered parol evidence. The court said (page 300 of 38 S.W.(2d):

"It appears from the plaintiff's evidence that he had a claim both for damages done to his land by reason of the hauling of the pipe over it and for damages done by reason of an overflow alleged to have resulted from negligence in laying the pipe line by which the water flowed through the pipe line trench to and over the plaintiff's corn. These claims were wholly unliquidated and, as appears from the evidence, the question of the amount to be paid was discussed between the plaintiff and the agent of the defendant for some little time before an agreement was reached. The instrument, therefore, was a written acknowledgment of payment in full of an unliquidated demand and therefore constitutes a contract between the parties which, like any other contract, cannot be varied by parol evidence. Jones Commentaries on Evidence, vol. 3, § 492, pp. 389, 390; Carpenter v. Jamison, 6 Mo. App. 216, 220; St. Joseph School Board v. Hull, 72 Mo. App. loc. cit. 409. * * *

"It must follow that unless such contract of settlement was secured to be signed by the plaintiff through fraud, deceit, and imposition practiced upon him because of false and fraudulent representations made by the defendant, the instrument so executed by the plaintiff is a bar to this action."

In view of the foregoing decisions of the Missouri courts, we do not think it necessary to consider what the result would be in case the Missouri courts had not passed upon the construction to be given to the statute.

We think the Missouri courts do not construe the Missouri statute, quoted above, as abrogating the parol evidence rule in cases where the written instrument is contractual in respect to the consideration.

But it is the contention of appellant that the instrument of release was not contractual in its nature. We cannot assent to this contention. It is apparent that the instrument was more than a mere receipt. The complaint alleges that it was given at the time of making settlement for damages on account of personal injuries. The damages were unliquidated. The settlement was deliberately made. No fraud or mistake is suggested. The instrument shows no incompleteness on its face. The consideration stated was fully paid.

Although, perhaps, the Missouri decisions are not entirely harmonious upon the question involved, yet we think the more recent decisions of the courts of that state hold that releases similar to the one in the case at bar are contractual in their nature.

Thus, in the Mueller Case, supra, the court said: "The instrument, therefore, was a written acknowledgment of payment in full of an unliquidated demand and therefore constitutes a contract between the parties which, like any other contract, cannot be varied by parol evidence."

In Boggs v. Pac. Steam Laundry Co., 171 Mo. 282, 70 S. W. 818, the facts were similar to those in the case at bar. Evidence of the alleged oral agreement was introduced. Plaintiff had a verdict. The case was appealed to the St. Louis Court of Appeals and by that court was certified to the Supreme Court of the state. That court, in holding that the evidence of the alleged oral agreement was improperly admitted, said (page 287 of 171 Mo., 70 S. W. 818, 819): "The general rule of law is thus stated by Greenleaf on Evidence (volume 1, 16th Ed. § 275): 'When parties have deliberately put their engagements into writing, in such terms as to import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous colloquium between the parties, or of conversations or declarations at the time it was completed, or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected. In other words, as the rule is now more briefly expressed, "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument." ' "

In Tate v. Wabash Railroad Co., 131 Mo.

App. 107, 110 S. W. 622, 623, the release read: "I hereby agree to accept, and do accept, of the Wabash Railroad Company, the sum of five thousand eight hundred dollars, * * * in full satisfaction, release and discharge of all claims for damages * * * and also in full of all claims whatsoever for loss or damage to personal property. * * * "

Plaintiff attempted to show that there was an additional consideration for her signing the release, to wit, that the defendant railroad would give her and her family free passes on defendant's road for the rest of their lives. The release was pleaded in bar, and it was held that the release was contractual and was not a mere recital.

In Matthews v. Phœnix Insurance Company, 160 Mo. App. 557, 140 S. W. 968, 969, the release read: "In full settlement and satisfaction of all claims of whatever kind and description, arising from or growing out of loss or damages * * $800.00. * * * Received February 8th, 1909, of the St. Louis and San Francisco Railroad Company, eight hundred 00/100 dollars, in full payment, release and discharge of above claim." The court, in construing the same, said: "We are unable to agree that this * * * paper * * * is a mere receipt. By its very terms, and as plain as language can make it, it is a contract, a release and discharge * * * and cannot be considered in any other light."

Similar holdings were made in Bert v. Rhodes (Mo. App.) 258 S. W. 40, and Pile v. Bright, 156 Mo. App. 301, 137 S. W. 1017. Decisions of the federal courts are in accord.

In Houston v. Trower, 297 F. 558, 559 (C. C. A. 8), the release read:

"Received of E. E. Trower one thousand two hundred and fifty dollars ($1,250.00), which the said E. E. Trower is paying back into the treasury of the Parlephone Company, which settles all claims which the Parlephone Company has for salary drawn in an irregular way, and to cover all other claims, and also settles all claims that F. M. Houston or M. F. Houston may have for any reason against E. E. Trower in regard to their investment in the Parlephone Company. It is distinctly understood that the above is not intended to mean or to affect in any manner the present contract now existing in reference to the bills receivable, which was turned to the Parlephone Company by the said E. E. Trower, and that payment of which has been guaranteed by him.

"Marion F. Houston.
"F. M. Houston."

The court in its opinion said (page 560 of 297 F.): "The chief question that is presented is the sufficiency of the defenses in the defendant's final pleading as against the conceded execution of the release by him. The release is not only a receipt for a sum of money, but it is contractual in its nature in stating the terms of the settlement made. As a contract it cannot be varied or contradicted by parol evidence."

In C. A. Smith Lumber & Mfg. Co. v. Parker (C. C. A.) 224 F. 347, 348, the release contained the following language: "For the sole consideration of the sum of four hundred and ten 75/100 dollars, this 25th day of September, 1909, received from C. A. Smith Lumber & Manufacturing Company, I do hereby acknowledge full satisfaction and discharge of all claims. * * * "

The court in its opinion said (page 350 of 224 F.):

"But we are unable to construe the instrument in this case as a mere receipt. The evidence shows, and the complaint itself alleges, that it was given in settlement of a disputed claim made by the plaintiff against the defendant for damages growing out of the loss of his hand as the alleged result of an injury to his leg, which latter injury was alleged to have been received by the plaintiff while working for the defendant. * * *

"To hold that such an instrument, executed under such circumstances and for such a purpose, is not contractual in its nature, would be, in our opinion, a clear violation of its unambiguous language."

In the case of Huntington v. Toledo, St. L. & W. R. Co. (C. C. A.) 175 F. 532, 535, the release contained the following language:

"In consideration of two hundred and ten and no-100 dollars to me paid by the * * * Railroad Company, the receipt of which is hereby acknowledged, I hereby release, and discharge the said * * * Railroad Company from any and all liability for and on account of any claim I have, or may have, against said railroad company by reason of, or in any manner growing out of personal injuries and loss of time sustained by me * * * said amount having been received in full for any and all claims of any nature arising out of said accident.

"And I also hereby agree that this release shall operate as a bar to any and every suit at law or otherwise. * * * "

The court in its opinion said (page 535 of 175 F.):

"It is manifest that this instrument is not

a mere receipt. It is contractual in form and substance. On its face it is explicit and apparently complete. Its language is in no particular suggestive of omission. Indeed, it required the offer of oral testimony to disclose any idea of omission. * * *

"It is claimed in argument that evidence of a promise to employ only affects and was intended only to affect the consideration mentioned in the agreement, and that, like the admission of payment or amount expressed in any ordinary receipt or deed, it may be explained by parol evidence. But the difficulty of applying the rule thus suggested to the present instrument is that, under the testimony offered, it would in terms introduce into the agreement covenants creating (aside from any question under the statute of frauds) new and important legal relations between the parties on the very subject of settlement contained in the written agreement."

Similar holdings were made in St. Louis & S. F. Ry. Co. v. Dearborn (C. C. A.) 60 F. 880; Holbrook, etc., Corp. v. Sperling (C. C. A.) 239 F. 715; E. I. Du Pont de Nemours & Co. v. Kelly (C. C. A.) 252 F. 523, 525; In re Atwater (C. C. A.) 266 F. 278, 281.

The cases of Fire Insurance Association v. Wickham, 141 U. S. 564, 12 S. Ct. 84, 35 L. Ed. 860, and Missouri Dist. Telegraph Co. v. Morris & Co., 243 F. 481 (C. C. A. 8), relied upon by appellant, when analyzed, are not in conflict with the foregoing authorities.

In the Wickham Case, the receipts and certificate which were involved were not contractual as respects the consideration mentioned, and the court in its opinion so states.

In the Missouri Dist. Telegraph Co. Case, the written contract showed on its face that it was incomplete, and hence the parol evidence rule did not apply.

Our conclusion is that the instrument of release in the case at bar was contractual in respect to the consideration mentioned, and evidence of the alleged oral contract was not admissible.

The method pursued in the case at bar of raising the questions involved by motion for judgment on the pleadings, we think, is not so satisfactory as the method of objecting to the evidence touching the alleged oral contract when offered; yet the former method is not without sanction in the courts. See Houston v. Trower, supra. And no point is made by appellant as to the procedure.

Other contentions of appellant have been considered, but do not require discussion.

The judgment is affirmed.