Dennis C. Donnelly, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

**Jimmy ROBERTS, Plaintiff,**

v.

**BROWNING, d/b/a Browning, Inc. of Utah, Defendant.**

No. 78–997–C(3).

United States District Court, E. D. Missouri, E. D.

March 21, 1979.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon defendant's motion for summary judgment. Plaintiff brought this suit, removed to this Court because of diversity of citizenship, alleging that defendant discharged plaintiff because plaintiff filed and pursued a Workmen's Compensation claim, and further alleging violation of the Missouri Service Letter Statute, § 290.140, R.S.Mo. (1969). In support of its motion for summary judgment, defendant has filed with this Court a release signed by plaintiff which provides:

I, Jimmy Roberts, in consideration of payment by Browning Arms Co. of Two

(2) weeks pay (80 hours) DOLLARS, receipt of which is hereby acknowledged, do hereby release Teamsters Local Union No. 688, the Browning Arms Company and all Officers or agents from any or all claims which I may now have against either of them under the terms of the Collective Bargaining Agreement between Teamsters Local Union No. 688 and the Browning Arms Company, the National Labor Relations Act, Title VII of the Federal Civil Rights Act any any [sic] other Federal, State or Local statues [sic] or ordinances, and from any other claim arising out of my former employment with the Company. Also, in consideration of said payment, I hereby resign from my employment with the Browning Arms Company.

The record herein further reveals that plaintiff received a check in the amount of $344.84, and that the records of defendant reflect that said payment was "2 Wks. Vacation Pay for Resignation". In opposition to the instant motion, plaintiff, by affidavit, states that the two weeks vacation pay was then due and owing to him, that he had been discharged prior to the execution of the release, and that he only signed the release because he needed the money.

The law is clear that "[a] release is not supported by sufficient consideration unless something of value is received to which the creditor had no previous right". *Burns v. Northern Pac. Ry. Co.*, 134 F.2d 766, 770 (8th Cir. 1943) (Minnesota law). See also, *Hogue v. National Automotive Parts Ass'n.*, 87 F.Supp. 816 (E.D.Mich.1949) (federal law); *Maynard v. Durham & Southern Railway Co.*, 365 U.S. 160, 81 S.Ct. 561, 5 L.Ed.2d 486 (1961) (federal law). Thus, plaintiff contends that the release herein is not supported by consideration since the sum received was vacation pay, to which plaintiff was entitled.

Missouri law, however, provides:

. . . when the recital of a consideration in a written contract can be fairly regarded as a mere recital, or a statement of the receipt of money, then such recital may be explained by parol, and the actual consideration for the contract shown even though to do so may apparently contradict the recital in the contract. In this class of cases the recital as to the consideration is regarded in the same light as a receipt for money and may be explained, or even contradicted by parol; but, if the statement in a written contract in relation to the consideration shows upon its face that the expressed consideration is a part of the terms of the contract itself, then that part of the writing stands as any other part, and it cannot be contradicted, added to, nor subtracted from, by parol. *Fox Midwest Theatres, Inc. v. Means*, 221 F.2d 173, 177 (8th Cir. 1955), quoting from *Pile v. Bright*, 156 Mo.App. 301, 137 S.W. 1017, 1018 (1911).

See also *Gunter v. Standard Oil Co. (Ind.)*, 60 F.2d 389 (8th Cir. 1932); *Meyer v. Weber*, 233 Mo.App. 832, 109 S.W.2d 702 (1937); *Ezo v. St. Louis Smelting & Refining Co.*, 87 S.W.2d 1051 (Mo.App.1935).

In view of the language of the release herein, the Court must conclude that the statement as to consideration is a part of the terms of the contract and thus, parol evidence is inadmissible. See *Fox Midwest Theatres, Inc., supra* at 179; *Ezo, supra* at 1053. Accordingly, defendant's motion for summary judgment will be granted and judgment will be entered in defendant's favor.