WILLIAM TRUESDAIL, Appellant, *v.* GEORGE B. SANDERSON, Respondent.

*Evidence—Hearsay.*—The statements of one who is a competent witness and who is not a party to the suit are not evidence.

*Appeal from St. Louis Court of Common Pleas.*

Sanderson sued Field, Goodale, Smith, Barton, and Truesdail, the plaintiff and appellant here, and Myerson, upon a

note made by Goodale to Field and Barton, endorsed to Smith and Barton, who endorsed to Truesdail, who endorsed to Myerson, who endorsed to Sanderson. The suit was dismissed as to Goodale and Myerson, and judgment by default rendered against Field, Barton, Smith and Truesdail for fifteen hundred and ninety-five dollars and ten cents, on March 15th, 1858. Execution issued upon that judgment, and appellant filed his petition to enjoin the judgment, alleging that after the judgment and issuing of execution he had learned that the judgment had been satisfied in the manner following, to wit:

That Field had agreed with Myerson, the last endorser, that he, Myerson, should assume payment of the note, and that Myerson had accordingly transferred to Sanderson stocks, money and other property to pay this and one other note, and that plaintiff did not know of this arrangement until long after the judgment.

Sanderson answered, denying that the note had been satisfied in any manner, alleging that he knew nothing of the agreement between Field, the maker, and Myerson, and denied that Myerson had ever transferred any stocks or property to pay said note or any part thereof, or that said note or judgment had been secured or satisfied in any way or by any person.

The case was tried by the court without a jury. The court admitted the deposition of Franklin B. Field, one of the parties to the judgment, but excluded therefrom the statements of Myerson, the last endorser of the note.

The court found the issues for the defendant, Sanderson, and dissolved the injunction.

*Moody*, for appellant.

I. Sanderson is bound in good conscience to exhaust the assets and money of Myerson in his hands before attempting to compel appellant, a mere security, to pay the debt; under the arrangement above between him and Myerson, his attempt to compel appellant to pay the debt was a fraud.

It appears that Field, Barton, Myerson, Goodale, and all the other parties to this note, except appellant, are insolvent.

If the respondent is not restrained from the course he is taking, gross injustice will be done. The instruction asked by appellant ought to have been given and the injunction made perpetual.

II. The court below erred in suppressing a part of Field's deposition. The admissions of Myerson, after the arrangement made between him and respondent or at the time of making it, are competent evidence for appellant. Myerson is the common debtor of both parties; it is his assets the court was called upon to marshal, and his statements are competent evidence, especially when he is found in league with respondent in a contrivance to make appellant pay his debt.

Should appellant be compelled to pay this judgment, he would have a right to be subrogated in the place of respondent as to the assets in his hands. This would involve further and unnecessary litigation.

*Whittelsey*, for respondent.

I. There was no error in excluding the statement of Myerson from the deposition of Field; it was hearsay testimony and incomplete. Myerson was a competent witness and could have been sworn.

II. The testimony did not prove that Sanderson had received payment of the judgment or note. It did not tend to prove it. It tended to prove that Sanderson had taken security for this with other debts, which was not payment.

There was no evidence that Field and Barton had paid Myerson or that Myerson owned the note. There was no evidence that Sanderson had agreed with any one to take Myerson as solely liable upon the note. In fact there was no evidence to sustain the statements of plaintiff's bill. Any security taken from Myerson for his liability as endorser would not discharge the other parties to the note. He was surety, not principal. Their equities were against Myerson, not Sanderson.

III. The plaintiff shows no equity in his bill. Judgment was rendered by default against the maker, who certainly knew the facts, but the plaintiff made no inquiry, set up no defence, used no diligence whatever. To entitle a party to enjoin a judgment at law, he must show that he has been guilty of no laches, or that he has used due diligence in his defence, or has failed on account of accident or fraud. (Bateman v. Willoe, 1 Sch. & Lefr. 201; Dodge v. Strong, 2 John. C. 230; Marine Ins. Co. v. Hodgson, 7 Cranch, 332; Norris v. Griffin, Walk. Miss., 435; Lansing v. Eddy, 1 J. C. R. 49; Simpson v. Hart, 1 J. C. R. 91; Smith v. Lowry, 1 J. C. R. 320; Barker v. Elkun, 1 J. C. R. 465.) No diligence whatever was shown. (Sewell v. Freeston, 1 Ch. C. 65; Jarvis v. Chandler, 1 Turn. & Russ. 319.)

Sanderson having recovered judgment, all presumptions were in his favor.

BATES, Judge, delivered the opinion of the court.

The court below properly excluded Field's testimony of statements made by Myerson. They were hearsay merely, and nothing is shown to justify their introduction. For anything that appears in the record, Myerson was himself a competent and available witness. It was proper to exclude testimony by another of his statements.

There was no evidence tending to prove some of the matters stated in the petition, which were necessary to constitute the cause of action set up therein. The judgment for the defendant was properly rendered, and is affirmed.

Judges Bay and Dryden concur.