BANK OF DEARBORN, RESPONDENT, v. L. C. GABBERT ET AL., DEFENDANTS, R. H. BRUCE ET AL., APPELLANTS.[*]

Kansas City Court of Appeals. December 6, 1926.

924

*Corpus Juris-Cyc References: Evidence, 22CJ, p. 199, n. 36; p. 1102, n. 97; p. 1180, n. 61.

*W. S. Herndon, James H. Hull* and *German, Hull & German* for respondent.

*D. H. Frost* and *Eastin & McNeeley* for appellant.

ARNOLD, J.—This is an action upon a promissory note and separate contract. The petition is in two counts, the first of which is upon the promissory note for $4100, dated August 11, 1919, by which defendants promised to pay plaintiff one year after date the sum above mentioned, with interest at six per cent. per annum. The note was signed by L. C. Gabbert, R. H. Bruce, D. E. Nichols and W. H. Gabbert. The second count is based upon a written contract dated October 14, 1921, which is in words and figures as follows:

"Dearborn, Mo., October 14, 1921.

"This contract witnesseth E. R. Bayley, late of Dearborn, Missouri, has this October 14, 1921, sold to L. C. Gabbert, W. H. Gabbert, R. H. Bruce and D. E. Nichols of Dearborn, Missouri, hereinafter called parties of the second part, all of the right, title and interest of said E. R. Bayley in the Dearborn Democrat and the plant, machinery and fixtures thereof, as described in a certain mortgage now held as collateral by the Bank of Dearborn, and all machinery, type and other things added thereto since the making of said mortgage; also the book accounts and debts due and owing on this date of every character to the Dearborn Democrat or to E. R. Bayley as editor thereof.

"In consideration whereof second parties assume and agree to pay the indebtedness of, and hold the said E. R. Bayley harmless from the payment of a certain note signed by E. R. Bayley dated August 11, 1919, payable to the Bank of Dearborn in the principal sum of $4100 together with all the accrued interest thereon or which may accrue thereon hereafter. Second parties further agree to pay all debts for machinery, etc., contracted for by the said E. R. Bayley

for the use and benefit of the Dearborn Democrat now outstanding and unpaid, and all other obligations contracted by said E. R. Bayley for the Dearborn Democrat and to carry out and perform all unexecuted contracts entered into by E. R. Bayley for and to the use of the Dearborn Democrat.

"Witness our hands the day and year first above written.

"(Signed)

"L. C. Gabbert,
"E. R. Bayley,
"W. H. Gabbert,
"R. H. Bruce,
"D. S. Nichols.

"Accepted and agreed to:
"(Signed)           "Bank of Dearborn,
"(Signed)           By W. H. Gabbert, Cashier."

This is the second appeal of this case. At the first trial there was a judgment for defendants and plaintiff appealed to this court. The judgment was reversed and the cause remanded for a new trial because of error in the admission of certain testimony of defendants R. H. Bruce and D. E. Nichols which this court held to be violative of the rule that parol evidence cannot be admitted for the purpose of varying the terms of a written contract. [Bank of Dearborn v. Gabbert et al., 274 S. W. 861.] The cause was retried resulting in a directed verdict for plaintiff and defendants Bruce and Nichols now appeal.

We do not deem it necessary to state herein the facts in detail, but refer to our former opinion in the case for a complete statement thereof. During the progress of the last trial plaintiff dismissed the first count of the petition and the trial proceeded to judgment upon the second count, which as above stated, is based upon the written contract heretofore set out. The appealing defendants base their defense upon their answer setting up want of consideration for the contract upon which plaintiff's case (with the first count eliminated) is based.

The answer to the second count of plaintiff's amended petition alleges that the said contract is void and of no effect for the reason that there is no consideration therefor;

"That the said Bayley paid them nothing for their signatures thereto and that they received nothing for their said signatures; that long prior to the time their signatures were appended to the paper described in the second count of the petition, the said E. R. Bayley had failed to keep and perform his obligation to purchase said paper and defendant L. C. Gabbert had re-entered upon the property of the Dearborn Democrat, which he, the said Bayley, had agreed to purchase and had ousted the said Bayley and had terminated all contractual and other relations with the said E. R. Bayley

and all the right, title and interest of every kind and character, if any, which he, the said E. R. Bayley, may have had under any arrangement with the said defendant, L. C. Gabbert, at the time the writing mentioned in the second count of the petition was signed, had long since expired, and the said Bayley had abandoned all attempts and efforts to comply with said contract; that the said Bayley by said writing sold these defendants nothing and had nothing to sell them; that the $4100 note described in said contract and given by said Bayley to plaintiff bank had become null and void by reason of the mutual abandonment of the contract of purchase entered into between him and defendant L. C. Gabbert and that the signatures of these defendants to the writing described in the second count of the petition were wholly without consideration and said writing was and is void and of no effect and gives to plaintiff bank no right of action against these defendants and plaintiff bank was and is cognizant of all the transactions and knew all the facts herein alleged.''

The facts necessary to be kept in bind on this review are as follows: On August 11, 1919, L. C. Gabbert purchased of Frank C. Ives a newspaper published at Dearborn, Missouri, for the price of $4600, paying $500 cash and executing his note for $4100, payable to plaintiff herein. Plaintiff furnished the sum of $4100 which was paid to Ives and his wife, and took therefor a note for $4100 secured by a chattel mortgage in which all the personal property of the newspaper was described, both the note and the chattel mortgage were signed by L. C. Gabbert, R. H. Bruce, D. E. Nichols and W. H. Gabbert. At that time W. H. Gabbert was cashier of plaintiff bank.

It appears that the names of Bruce and Nichols were placed on the note after its execution by L. C. Gabbert; that chiefly through the efforts of L. C. Gabbert the newspaper plant was sold to E. R. Bayley who took charge thereof about August 21, 1919. In payment for the plant, Bayley executed his demand note payable to plaintiff herein in the sum of $4100. This note and the note and chattel mortgage executed by the Gabberts, Bruce and Nichols, were pinned together and held by the bank as one transaction. Bayley was unable to reduce the principal of said note and, in fact, paid only one installment of interest. Accordingly he was advised by L. C. Gabbert to seek other fields and to surrender the newspaper. Bayley refused to do this unless protected in the payment of his $4100 note held by the bank and also all outstanding indebtedness incurred by him in the operation of the paper. Thereupon the contract above set out was entered into by the parties.

Thereafter the lien of plaintiff under the chattel mortgage was foreclosed and in February or March, 1923, the property was sold for $250, and this amount, together with the $287 interest hereto-

fore mentioned which Bayley paid, was duly credited on the note in suit.

There are ten assignments of error which in the last analysis all refer to the refusal of the court to receive in evidence statements claimed to have been made by Bayley in the presence of Bruce and Nichols, but not in the presence of any representative of plaintiff, as tending to prove that Bayley had no title to the property on October 14, 1921, when the contract sued on was executed, and, therefore, that the court was in error in giving plaintiff's peremptory instruction at the close of all the evidence.

The appealing defendants, Bruce and Nichols, admit their signatures to the contract sued on herein, but seek to avoid liability upon the ground set up in the answer, to the effect that there was no consideration passing from Bayley to them, because Bayley did not own the newspaper plant at the time the contract was executed.

The only question before us for determination is: Did the trial court err in refusing to receive in evidence the statements of Bayley claimed by said defendants to have been made in their presence and which tend to show that Bayley did not own the paper at the time the contract was executed? The record discloses that in three instances, at least, formal offers were made after the trial court had ruled the testimony inadmissible. The offers were to prove that Bayley had stated to Bruce and Nichols that he had been unable to pay his note and that upon the request of L. C. Gabbert, the paper had been surrendered to him and Bayley had departed from Dearborn.

We see nothing in these offers to indicate that Bayley had been released from the payment of the $4100; there was no tender of proof that on the surrender of the paper to Gabbert, Bayley was released from his obligation to the bank. A careful examination of the record discloses that the court in each instance ruled the evidence offered was inadmissible, because what Bayley might have said could not bind the bank, and therefore was inadmissible because tending to violate the rule against changing, varying or contradicting the terms of a written contract by parol evidence when said instrument appears complete on its face. Under the parol evidence rule, it must be presumed that all prior and contemporaneous agreements entering into and forming a part of a contract, of which the instrument is an expression, are merged into and contained in it; excepting in cases of fraud, accident or mistake, where the rules of equity may be invoked for reformation thereof. [Davis v. Gann, 63 Mo. App. 425; Bank v. Bank, 244 Mo. 554, 576, 149 S. W. 495; Beheret v. Myers, 240 Mo. 58, 144 S. W. 824.] We do not understand that defendants herein are questioning the rule, but they do contend that the evidence embraced in the offer is not violative thereof.

Another basis of complaint along this line is the refusal of the court to receive in evidence a certain letter from L. C. Gabbert to E. R. Bayley, dated June 1, 1921, as follows:

"Mr. E. R. Bayley,

"Dearborn, Missouri.

"Dear Sir:

"I understand from my wife that you are owing two months' rent. I also understand that the note of $4000 owing at the Bank of Dearborn, and which is secured by W. H. Gabbert, Mr. Bruce, Mr. Nichols, and myself, has had nothing paid on the principal, and that you had a hard time finding the interest last year. If you could not pay anything on the principal of this note during the good times of last year, I do not see possibly how you could hope to get out from under this debt and obligation at all. I think I can get a man to take this debt off your shoulders. Since the times have changed as they have, the Bank of Dearborn should not be carrying this paper. Furthermore, it decreases the credit of each of us signers to the extent of $4000, making a handicap on us. Not only that, but this property is necessarily decreasing in value and so long as you cannot make any payments on the principal the more it is certain that we will have to pay this debt. I do not feel, therefore, that more time should be extended to you after the first of August. I think that you would do better if you should seek new fields. It may be that you can find a purchaser for this property that will net something to you. If you cannot, perhaps I can get someone to assume your position, at least, if not also pay something on the principal of the note and give us some hopes that we will not have to pay this obligation. This note is due the 1st of August, and I feel that we should take steps to start all over again.

"Yours truly,

"L. C. Gabbert.

"LCG: JR"

On the back of said letter appears the following memorandum: "Verbal agreement in L. C. G.'s office following this was that L. C. G. take over and dispose of plant and all that goes with it and cancel the note, I to 'seek new fields.'        "E. R. B."

It is clear the trial court was justified in holding that this letter, with the indorsement does not show, in fact, that Bayley did not retain title to the property, and the same observation applies to the offers of proof. Of course this court, in the former opinion, did not hold that proof of no ownership is not available under a plea of no consideration; but what we did hold was that the court erred in admitting in evidence the testimony of defendants Bruce and Nichols which tended to vary the terms of the written contract sued upon. The evidence offered by these defendants at the second trial

was essentially the same as that we had before us on the former appeal.

It is urged by plaintiff and properly so, that to have admitted the testimony of Bruce and Nichols as to Bayley's statements to them would have been violative of the rule as to non-admissibility of secondary evidence. The record shows that Bayley was in the court room at the time but he was not called upon to testify. He was available. One reason for the hearsay evidence rule is because there is presented no opportunity to cross-examine the person alleged to have made the statement. [Minea v. Cooperage Co., 179 Mo. 705, 716.] Defendants did not offer to include a statement that the alleged statements of Bayley were made in the presence of any agent or representative of plaintiff bank, or that such statements were communicated to any authorized representative of the bank or to any of its officers at any time. The statements, therefore, were purely hearsay. [Bank v. Early, 260 S. W. 480; Truesdail v. Sanderson, 33 Mo. 532.] In the latter case it is said:

"The court below properly excluded Field's testimony of statements made by Myerson. They were hearsay merely, and nothing is shown to justify their introduction. For anything that appears in the record, Myerson was himself a competent and available witness. It was proper to exclude testimony by another of his statements." [See, also, Howell, exec., v. Howell, 37 Mo. 125; Whimster v. Holmes, 177 Mo. App. 130.]

Defendants insist that the testimony offered was proper because the statements of Bayley were "admissions against interest." Bayley was not a party plaintiff in this suit, and the record fails to disclose that there was a privity of interest between plaintiff and Bayley. This position is untenable. Bayley's statements therefore could not by any rule of reasoning be construed against the interests of the bank. The interests of the bank and Bayley were antagonistic, the latter being the former's debtor. Of course we are not called upon to determine the admissibility of Bayley's testimony on the question of the ownership by him of the newspaper plant at the time the contract was executed, as between him and the appealing defendants; and we are not to be understood as ruling on this point. It is clear from the ruling of the trial court—and in this respect there is no showing that the court was in error—that no proper offer of proof on this point was made.

We have read with interest the very able brief of defendants and the citations therein contained, but do not find therein anything contrary to the above ruling. We find no reversible error of record.

The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.