Davis v. Gann.

WILLIAM F. DAVIS, Appellant, v. SAMUEL D. GANN, Respondent.

Kansas City Court of Appeals, November 18, 1895.

1. **Evidence**: CONSIDERATION OF BOND: TITLE BOND. While the consideration of a written instrument, when the mere recital of a fact may, by parol evidence, be inquired into, explained or contradicted, yet where the consideration becomes contractual thereby creating and attesting rights, it can not be so varied by parol testimony.

2. ———: ———: ———. In an action for damages on a title bond which provides for a deed on the payment of a certain sum of money, it is not competent for the plaintiff to show that said sum was not intended, but that a conveyance, as provided in another title bond, of so much real estate was really intended.

3. ———: ———: PLEADINGS. On the pleadings in this case it is *held*, the fact that the two bonds were executed at the same time and related to the same transaction, did not render an explanation of them admissible.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Hall & Woodson* and *Porter, Spencer & Connett* for appellant.

(1) Defendant's counsel objected to parol evidence that the consideration to be paid by Davis for the land was not money, but certain lands, "on the ground that if there was any contract of sale or any agreement between them, by which Mr. Gann was to buy any lands, it must necessarily be in writing or some memoranda thereof, signed by Mr. Gann or someone authorized by him, and that such testimony would not be admissible upon that subject." The statute (R. S. 1889, sec. 5186) requires contracts for the sale of lands

shall be signed by the party to be charged therewith. *McCrea v. Piermort*, 16 Wend. 460. Plaintiff's action grows out of a contract for the sale of lands by Gann to Davis, which was in writing, signed by Gann; and, even if Davis' agreement to pay the consideration in land was oral, Gann can not object that Davis is not bound, if Davis is willing to fulfill the contract on his part. *Galway v. Shields*, 66 Mo. 315, and authorities there cited; *Railroad v. Clark*, 121 Mo. 186. (2) Plaintiff's right to recover depending upon proof of performance on his part, he had the right to prove an offer to perform by tendering a deed conveying land to Gann, and to prove by parol that the real consideration to be paid was the land, instead of $12,050 mentioned in the contract. *Jackson v. Railroad*, 54 Mo. App. 636; *Lubke v. Knapp*, 79 Mo. 27. "Where the action is collateral to the expressed purpose of the written instrument the real consideration may be shown to be different from that expressed." 17 Am. and Eng. Encyclopedia of Law, last par. p. 441, *et seq.* (3) The bond for a deed by Gann to Davis, and the contemporaneous bond of Davis to Gann, each containing the same conditions, to be performed at the same time, when construed together, are evidence of a contract for an exchange of lands; and, even "if, when taken together, they do not show upon their face that they were parts of the same transaction, such fact may be shown by parol." 17 Am. and Eng. Encyclopedia of Law, par. 7, p. 442.

*James W. Boyd* for respondent.

(1) Plaintiff's position we consider at variance with all the authorities upon this subject. *Morgan v. Porter*, 103 Mo. 135; *Tracy v. Iron Works*, 104 Mo. 193; *State v. Hoshaw*, 98 Mo. 358; *Jackson v. Railroad*,

54 Mo. App. 636. (2) The mutual covenants contained in the bond are contractual, and can neither be altered, modified, contradicted nor destroyed by oral testimony. See cases cited above. These mutual obligations in the bond are neither in fact nor in law similar or analogous to the simple recitation of the consideration in the deed of conveyance, but are in all respects written stipulations which can not be altered, modified, enlarged or destroyed by oral testimony. 54 Mo. App. 736, *supra,* and cases cited above.

ELLISON, J.—This action is to recover $1,000, the amount of a title bond for the conveyance of real estate. The trial court sustained a demurrer to plaintiff's evidence, whereupon he took a nonsuit and failing to have the same set aside, took his appeal to this court.

The condition of the bond was that, if defendant, "upon payment to him on or before March 1, 1893, of $12,050, and interest thereon as agreed and promised by said William F. Davis, shall convey and deliver possession to said William F. Davis, his heirs, executors or assigns, forever, the following described real estate" (describing it): "also defendant binds himself to pay for William F. Davis the interest on $12,000 from October 11, 1892, to March 1, 1893, due Bartlett Brothers, and bearing interest at six per cent."

Plaintiff made no effort to prove that he had paid or offered to pay to defendant, at any time, the sum of money named above to be paid for the conveyance of the land by defendant to him. Instead of such proof, plaintiff claimed the right to show another and different consideration to be rendered to defendant by him, which would entitle him to a deed from defendant. To this end he offered to show that there was an agreement for an exchange of lands between him and defendant and that each executed a title bond to the

other (the bond in suit being the one executed by defendant), whereby each bound himself to convey to the other the lands described in the bonds; that plaintiff's lands were agreed to be worth $13,550 more than defendant's and that there was a mortgage on plaintiff's lands of $12,000, the interest on which defendant was to pay up to the first of March following; that in this exchange of the lands, plaintiff's more valuable land would more than pay the $12,050, stated in the bond sued upon, to be paid to defendant. It might, perhaps, be stated that the agreement amounted to this: that plaintiff's more valuable farm, being incumbered with a mortgage for $12,000, defendant was, in addition to the conveyance of his farm to plaintiff, to pay plaintiff $13,550, $12,000 of which plaintiff should immediately apply to extinguish the mortgage, thus leaving a clear title.

The effect of the court's ruling was that this could not be done. As before stated, plaintiff bases his contention on the right to show another and different consideration from that mentioned in the bond.

That another and different consideration from that recited in a deed may be shown by verbal testimony is well settled. We held this as affecting a written release from an employee of a street railway company. *Harrington v. Railroad*, 61 Mo. App. 223. But we have decided, after full examination, that while that was the rule as to a recited consideration, yet where the consideration was not mere recital of a fact, but was the result of a contract between the parties, it could no more be varied by parol than any other portion of the contract. *Jackson v. Railroad*, 54 Mo. App. 636.

Where the consideration is a mere recital of an existing fact, it may be shown to be other than that recited. If the consideration is recited to have been

paid, it may be shown that it was not. If it be recited to be one sum, it may be shown to be a different sum. And if it be recited to be money, it may be shown to be some article of property. But, as explained in *Jackson v. Railroad, supra,* whenever the consideration goes beyond mere recital and becomes contractual, thereby *creating* and *attesting rights,* it can not be varied. Judge COWEN in *M' Crea v. Piermort,* 16 Wend. 460, in holding that iron might be shown to be the real consideration, where the deed had recited money paid, adopted the following language from the case of *Gully v. Grubbs,* 1 J. J. Marsh. 387, which we quote as being applicable to the case at bar, viz.:

"Another principle and one more universal than the former in its application is, that, wherever a right is vested or created, or extinguished, by contract or otherwise, and writing is employed for that purpose, parol testimony is inadmissible to alter or contradict the legal and common sense construction of the instrument; but that any writing which, neither by contract, the operation of law, nor otherwise, vests or passes or extinguishes any right, but is only used as evidence of a *fact,* and not as evidence of a contract or right, may be susceptible of explanation by extrinsic circumstances or facts. Thus a will, a deed, or a covenant in writing, so far as they transfer, or are intended to be the evidences of rights, can not be contradicted or opposed in their legal construction by facts *aliunde.* But receipts and other writings which only acknowledge the existence of a simple fact, such as the payment of money, for example, may be susceptible of explanation, and liable to contradiction by witnesses." See, also, *Goss v. Ellison,* 136 Mass. 505.

In the case at bar, the contract expressed in the bond is that defendant was to be paid $12,050 and the interest thereon on or before March 1, 1893, as an act

concurrent with his making a deed to plaintiff. This fixed a right in the defendant to have that sum of money and interest, and it can not, in the absence of fraud, accident or mistake, be taken from him by changing the contract by parol evidence, without throwing down all the safeguards which the rule as to written contracts is supposed to have established. Suppose that in a written lease it was stipulated that the lessee was to have the use and occupation of premises for six months, at $30 per month; in the absence of fraud, accident, or mistake, could that be changed by parol evidence to $50 per month? It seems clear that it could not. Yet the $30 is the consideration for the lease. But while it is the consideration, it is not a mere recital of an existing fact, which may be contradicted, but it fixes a right in the lessee to occupy the premises in the future *at the rate written.* In *Preston v. Merceau,* 2 Blackstone, 1249, it was agreed in writing that a lease of a house should be let for twenty-one years at 26 l. per annum to commence from Michaelmas then next.'' The lessor offered to show by parol evidence that the lessee was also to pay 2 l. 12s. 6d. a year, being ground rent of the premises. This offer was disallowed, Blackstone, J., stating: ''Here is a positive agreement that the tenant shall pay 26 l. Shall we admit proof that this means 28 l. 12s. 6d.? * * * We can neither alter the *rent* nor the *term,* the two things expressed in this agreement.''

The result of the foregoing view is that we approve the action of the trial court in ruling that plaintiff could not show that the contract was that plaintiff should convey land to plaintiff at the future time stated, instead of paying the amount of money and interest specified in the bond.

Plaintiff confronts us with the further proposition that the two bonds were executed at the same time and

relating to the same transaction, they should be read together as one instrument. That is a correct proposition where applicable to a given case. But we do not regard such case to be presented by the pleadings. If plaintiff was in court by a petition setting forth the whole facts, as he now contends they really were, we would pass upon that question. In the meantime, it is but fair to say that we express no opinion either way. The judgment will be affirmed. All concur.