## D. WISHART, Respondent, v. SUSAN M. GERHART, Appellant.

### Kansas City Court of Appeals, February 15, 1904.

1. **DEEDS: Consideration: Parol Evidence: Estoppel: Statute.** Where a deed recites a consideration a party is estopped from defeating its operative effect as a conveyance; and section 645, Revised Statutes 1899, does not effect the law of estoppel and a grantor can not defeat the conveying effect of such deed by showing it was voluntary.

2. ———: ———: ———. Wherever a deed is valid or creates or extinguishes a right by contract or otherwise, parol evidence is inadmissible to alter or contradict the legal construction of the instrument and the grantor can not gainsay it.

3. **FORCIBLE ENTRY AND DETAINER: Complaint: Description: Remedy.** A complaint in unlawful detainer is held sufficient although it fails to state that the property is in the city ward of the justice before whom it is filed; and a grantee who purchases at foreclosure sale may maintain unlawful detainer against the grantor.

Appeal from the Jackson Circuit Court.—*Hon. Andrew F. Evans,* Judge.

AFFIRMED.

*Kenneth McC. DeWeese* for appellant.

(1)   The court erred in refusing to permit defendant to prove that said note and deed of trust were given wholly without consideration. Section 645, Revised Statutes 1899. This section was 2090 in the revision of 1889, and section 3725 in the revision of 1879, and section 24, page 686, General Stat. 1865, and section 24, page 1290, Revised Statutes 1855. (2) Contracts by specialty are those reduced to writing and attested by a seal—or to use the common phrase, "contracts

under seal," etc. 1 Parsons on Contracts, page **7**, The common law made no distinction in contracts ex-cept between contracts which are and contracts which are not under seal. Beckham v. Drake, 9 M. & W. 92; 22 Am. & Eng. Enc. Law (1 Ed.), 905; 2 Black Comm., 465; Neb. 85-87; 2 Bond 104; 1 Dallas 208; 1 Binn. 254; 8 Peters 371; Bouvier's Law Dictionary, (Specialty); Bacon's Abridgment (Obligation); Wharton on Con. 680; Chilton v. People, 66 Ill. 501; Bishop on Contracts, sec. 104; 1 Parsons on Contracts, page 7; Bishop on Contracts, section 103-139. Section 645, Revised Statutes 1899, is a positive statute. Some force and effect must be given to it. Ring v. Kelly, 10 Mo. App. 411; Winter v. Railroad, 73 Mo. App. 173; Winter v. Railroad, 160 Mo. 159; Davis v. Petty, 147 Mo. 374-383; Squier v. Evans, 127 Mo. 514. (4) I am aware of the rule that written contracts will, in the absence of fraud, be conclusively presumed to include the whole engagement and the extent and manner of the undertaking. New England L. & T. Co. v. Workman, 71 Mo. App. 275. (5) The consideration is no part of the contract. It is not embraced in the definition of a contract, and lies on the outside of it. 1 Parsons on Contracts, pages 6 and 7; Wharton on Contracts, sec. 540. (6) The consideration clause in the written agreement forms of itself no part of the contract, and is not essential to its validity, and is not conclusive as to the amount of the consideration. Holt v. Holt, 57 Mo. App. 272; Hickman v. Hickman, 55 Mo. App. 303; Edwards v. Smith, 63 Mo. 119; Liebe v. Knapp, 79 Mo. 22; Hall v. Morgan, 79 Mo. 47; Allen v. Kennedy, 91 Mo. 324; Bridges v. Russell, 30 Mo. App. 258; Winningham v. Pennock, 36 Mo. App. 688; Fontaine v. Boatman's Savings Inst., 57 Mo. 552; Hallocher v. Hallocher, 62 Mo. 267; Dobyns v. Rice, 22 Mo. App. 448; Squier v. Evans, 127 Mo. 514; Pomeroy on Contracts (2 Ed.), section 57, p. 7980-81; 5 New York Revised Statutes, p.

406, par. 77; Wilson v. Baptist Ed. So., 10 Barb. 308; Pomeroy on Contracts (2 Ed.), note to section 57, p. 81; section 2388, Revised Statutes 1889. (7) The complaint did not state facts sufficient to constitute a cause of action. Revised Statutes, section 4131; Champ Spring Co. v. Roth Tool Co., 93 Mo. App. 530, 70 S. W. 506.

*J. C. Rosenberger* for respondent.

(1) Where a deed recites a consideration, the grantor is estopped from afterward attempting to show that the deed was without consideration. Hollocher v. Hollocher, 62 Mo. 267; Bobb v. Bobb, 89 Mo. 419; Allen v. Kennedy, 91 Mo. 328; McConnell v. Braymer, 63 Mo. 464; Henderson v. Henderson, 13 Mo. 151; Dobyns v. Ins. Co., 144 Mo. 95; Holt v. Holt, 57 Mo. App. 275; Hickman v. Hickman, 55 Mo. App. 311; Jackson v. Railroad, 54 Mo. App. 636. (2) This statute is first found in the revision of 1845, page 832, and it has been carried into every subsequent revision in the same form and language to this day. The statute was not intended to apply to contracts which had been fully executed and performed such as a deed or other conveyance but only to executory or unperformed agreements. Thus we find that specific performance will not be decreed of an executory agreement for which there was no consideration but a voluntary deed is good betweeen the parties even though there may have been no consideration at all. Davis v. Petty, 147 Mo. 374; Jackson v. Railroad, 54 Mo. App. 636; Randall v. Ghent, 19 Ind. 271; and cases supra. (3) The offered evidence was properly excluded for the further reason that it went directly to the merits of plaintiff's title. This can not be done in an action of unlawful detainer. The sole question at issue was the right to the possession, not the title. If appellant was tenant of the plaintiff under the lease clause of the deed of trust and the lease

had expired; then plaintiff was entitled to the possession and that was an end of the controversy. Sec. 3343, Revised Statutes 1899; Pierce v. Rollins, 60 Mo. App. 497; Sitton v. Sapp, 62 Mo. App. 197; Greenwald v. Schaales, 17 Mo. App. 327; Davis v. Petty, 147 Mo. 374. (4) The justice of the peace before whom this suit was instituted, did not have jurisdiction, etc. Wade v. McCormack, 68 Mo. App. 14.

ELLISON, J.—This is an action of unlawful detainer. The judgment in the trial court was for plaintiff. Plaintiff's right to the property is founded upon a deed of trust, in the usual form, executed by defendant to plaintiff to secure to him the payment of $3,000, and which the plaintiff had foreclosed. The deed recited that it was executed, "in consideration of the debt and trust hereinafter mentioned and created and the sum of one dollar." At the trial defendant offered to prove that the deed was, in fact, without consideration. Plaintiff's counsel objected to the evidence and the trial court thereupon refused defendant's offer. The defendant bases his case on section 645, Revised Statutes 1899, which reads as follows: "Whenever a specialty or other written contract for the payment of money, or the delivery of property, or for the performance of a duty, shall be the foundation of an action or defense in whole or in part, or shall be given in evidence in any court without being pleaded, the proper party may prove the want or failure of the consideration, in whole or in part, of such specialty or other written contract." We are of the opinion that this statute does not support defendant's position in a case of this nature. Where a deed recites a consideration, it, when not contractual, may be shown to be different, yet, a party is estopped by such deed from defeating its operative effect as a conveyance Henderson v. Henderson, 13 Mo. 151; Bobb v. Bobb, 89 Mo. 411-419; Dobyns v. Beneficiary Ass'n, 144 Mo. 95-109. This court has recognized and applied those au-

thorities in a variety of cases. Jackson v. Railway, 54 Mo. App. 636; Davis v. Gann, 63 Mo. App. 425.

The statute manifestly does not affect the law of estoppel, or the inviolability of written contracts. If a grantor should sue his grantee for the sum stated as the consideration in the deed, the statute permits the grantee to show that there was no consideration and there could be no recovery. So, if the grantee, claiming a breach of warranty, should sue the grantor for all, or part of the consideration stated in the deed, the grantor, by the terms of the statute, could show there was no consideration and thus escape payment on the warranty; but he could not, in the absence of fraud, avoid the deed itself. For even a voluntary deed is binding as a conveyance between the parties.

No rule of law is more firmly established than that, in the absence of fraud, accident or mistake, oral evidence can not be received to vary or contradict a written contract. A deed of conveyance is a contract of conveyance and the grantor will not be permitted to say that it is not; and the statute does not say that he may. The statute says that he may show that there was no consideration for it, but that is not saying he may show it was not a deed. For, showing there was no consideration for a deed does not, in fact, destroy its operative effect between the parties. The law, without regard to the statute, is that you may show the recited consideration in a deed to be different, "but wherever a right is vested or created, or extinguished, by contract or otherwise, and a writing is employed for that purpose, parol testimony is inadmissible to alter or contradict the legal construction of the instrument. . . . Thus a will, a deed or a covenant in writing, so far as they transfer, or are intended to be the evidences of rights, can not be contradicted or opposed in their legal construction by facts *aliunde.*" Davis v. Gann, 63 Mo. App. 425; That quotation is taken from Gully v. Grubbs, 1 J. J.

Marsh, 387, as it has been quoted and adopted in McCrea v. Piermont, 16 Wend. 460.

In New York, where so far as this question is concerned, the statute is like ours, it was said: "It has never been held that a deed can be so far contradicted by parol as to show that it was not intended to operate at all, or that it was the intention or agreement of the parties that the grantee should acquire no right whatever under it, or that he should reconvey to the grantor on his request without any consideration." Hutchins v. Hutchins, 98 N. Y. 56. See also Draper v. Shoot, 25 Mo. 202.

We think the complaint states a cause of action; and that it was not necessary that it allege the property was in the city ward of the justice before whom it was filed. Section 3323, Revised Statutes 1899. So we think that plaintiff invoked the proper remedy. He is a purchaser under a deed of trust. As such grantee, he may maintain unlawful detainer under the statute. Sexton v. Hull, 45 Mo. App. 339.

The judgment should be affirmed. All concur.