Louise APPERSON,
Plaintiff-Respondent,

v.

BI–STATE DEVELOPMENT AGENCY,
Defendant-Appellant.

No. 48354.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 29, 1985.

---

Thomas C. DeVoto, St. Louis, for defendant-appellant.

Charles H. Billings, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a cause of action seeking damages for injuries sustained as a result of a collision between a vehicle being operated by plaintiff-respondent and a vehicle being operated on behalf of defendant-appellant. The jury returned a verdict in favor of plaintiff in the sum of $10,500. We affirm.

This case arises out of a collision between a bus being operated by Vincent Powell on behalf of defendant, Bi-State Development Agency, and a car being operated by plaintiff, Louise Apperson. The collision occurred at or near the entrance to a Majic Market on the corner of Pelham and Broadway in the City of St. Louis.

Plaintiff had pulled into the parking lot of the Majic Market off Pelham so that her passenger could go into the store. The lot was full so plaintiff had to park at an angle extending over the sidewalk. The vehicle was running but was not in gear.

Bi-State's first point on appeal alleges trial court error in failing to sustain their motion for a directed verdict at the close of plaintiff's case, failing to sustain their motion for a judgment not withstanding the verdict and failing to sustain their motion for a new trial. Specifically, Bi-State argues that plaintiff's evidence is based upon an impossible fact scenario and is unsupported by any credible evidence.

In resolving this issue we review the evidence in light most favorable to the plaintiff, with all reasonable inferences to be drawn therefrom, and disregard the defendant's evidence unless it aids the plaintiff's case. *Lewis v. Envirotech Corp.*, 674 S.W.2d 105 (Mo.App.1984). In the case at bar, plaintiff testified she parked at an angle in the parking lot extending over the sidewalk. Other witnesses testified similarly. While no witness observed the accident, plaintiff's witnesses testified to seeing the front end of the bus behind the vehicle immediately after the impact. Additionally, there was testimony of an admission by the bus driver.

■ Bi-State argues that the physical evidence is such that the accident could not have happened as the witnesses testified, and as such, the "physical facts" rule applies. In support of this argument, Bi-State presented demonstrative evidence. However, Bi-State's evidence does not disprove plaintiff's theory. The demonstrative evidence only proved a possible alternative for the accident. Further, the jury evaluated the evidence of both parties. They chose to accept plaintiff's theory. The "physical facts" rule has no application where the credibility of witnesses is involved. *Anderson v. Orschlen Bros. Truck Lines, Inc.,* 393 S.W.2d 452, 460 (Mo.1965). Additionally, this court will reject the testimony of plaintiff's witnesses only when the conclusion is so clear and indisputable as to leave no room in the reasonable mind for the entertainment of any conclusion. *Closser v. Becker,* 308 S.W.2d 728 (Mo.1958). We do not find plaintiff's testimony indisputable.

Additionally, Bi-State alleges the verdict and judgment was based on juror bias, prejudice and sympathy. The jury awarded plaintiff ten thousand five hundred dollars ($10,500).

■ "The mere excessiveness of the verdict, standing alone, does not establish that it was the result of bias or prejudice. Defendant must show that the verdict was glaringly unwarranted by the evidence." *While v. St. Louis-San Francisco Ry. Co.,* 602 S.W.2d 748, 755 (Mo.App.1980).

■ At trial, in addition to her other expenses, plaintiff complained of pain in her legs and back and complained of numbness in her legs. The jury had the option to disbelieve plaintiff's testimony. They chose to believe plaintiff and awarded damages. It has long been established that pain and suffering are recoverable as damages.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.