**Richard P. BOBBITT, Respondent,**

**v.**

**Henry Owen OGG and Myerlyne Catherine Ogg, Appellants.**

**No. WD 38377.**

Missouri Court of Appeals, Western District.

March 31, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1987.

Application to Transfer Denied July 14 1987.

Roy W. Brown, Kearney, for appellants.

Robert B. Zeldin, Kansas City, for respondent.

Before CLARK, Chief Judge, and NUGENT and LOWENSTEIN, JJ.

CLARK, Chief Judge.

Appellants, Henry and Myerlyne Ogg, were sued in unlawful detainer by respondent, Richard Bobbitt, for possession of residential real estate respondent purchased at a sale in foreclosure of a mortgage on the property. After a jury trial, judgment was entered for respondent and this appeal followed. The principal issues on appeal are whether respondent was entitled to the remedy of unlawful detainer and, if so, whether the trial court erred in refusing to submit appellants' defense of fraudulent conduct between respondent and the mortgagee associated with the foreclosure sale.

The property in question was purchased by appellants in 1967 at which time they assumed the unpaid balance on a note secured by a deed of trust held by North American Savings Association. Appellants borrowed additional sums thereafter, also secured by trust deeds. Among these was a loan made by Broadway National Bank for $90,000.00 in 1976. That note was assigned to Commercial National Bank in 1979, apparently under a refinancing arrangement to permit appellants to redeem the property from a foreclosure sale held May 23, 1979.

In September, 1983, appellants defaulted in payments due under the note held by Commercial, the balance then being approximately $88,000.00. The following February, they also defaulted under the debt held by North American with a balance of about $18,000.00. To protect its secured position as a junior lien holder, Commercial purchased the note from North American, took an assignment of their position as first mortgagee and commenced foreclosure under that deed of trust.

The trustee's sale was held May 15, 1984. The only bidder was respondent who offered $95,000.00. The money was paid and a trustee's deed was issued. Appellants were given a notice to vacate and upon their refusal, this action in unlawful detainer was commenced in the associate circuit court. There, appellants filed an answer, counterclaim and third party petition. The gist of the affirmative claims was that respondent and Commercial had conspired together to deprive appellants of their right to redeem the property under § 443.410, RSMo.1986. A motion to dismiss the counterclaim and third party claim with prejudice was sustained.

The case was eventually transferred to the circuit court for trial. There, appellants filed an amended answer raising by way of defense essentially the same matters pleaded in the dismissed counterclaim and third party claim. The trial court refused to admit appellants' evidence on issues of fraud and unfair dealing. The jury found in favor of respondent on the claim for unlawful detainer, awarded $1500.00 damages to respondent for loss of rents and set the monthly rental value at $750.00. Judgment was entered accordingly.

In their first point, appellants say the trial court erred in submitting the claim for possession of the property under the form of an action for unlawful detainer and that respondent should have been required to proceed in ejectment. In support of this argument, appellants note that unlawful detainer is a special statutory action authorized and defined by § 534.030, RSMo.1986, and unless respondent qualifies according to the terms of the statute, he is put to another form of action and may not maintain unlawful detainer. Appellants say that the only claim respondent has to support unlawful detainer is the fiction that they are tenants of respondent, a relationship disavowed by the "lien theory of mortgages."

To the extent applicable here, § 534.030, RSMo.1986 defines unlawful detainer as occurring "[w]hen any person shall willfully and without force hold over any lands, tenements or other possessions, after the termination of the time for which they

were demised or let to him, or the person under whom he claims * * *." For the remedy of unlawful detainer to be available to respondent in this case, it must therefore be shown that a prior relationship of landlord and tenant existed between respondent and appellants. *Cusumano v. Outdoors Today, Inc.,* 608 S.W.2d 136, 139 (Mo.App.1980).

The deed of trust involved in the subject foreclosure was dated June 1, 1966 and was assumed by appellants when they bought the property in 1967. Under the deed of trust, the property was conveyed in trust to the trustee and was let back to the mortgagors under the following language:

> "The said Trustee hereby lets the premises to the said Grantors until a sale be had under the foregoing provisions, or until default be made in the performance of the agreements herein contained, upon the following terms and conditions, to wit:
>
> The said Grantors and every and all persons claiming or possessing such premises or a part thereof, by, through or under them, shall and will pay rent therefor during the said term at the rate of one cent per month payable monthly upon demand and shall and will surrender peaceful possession to said premises after default or after sale under said provisions, immediately upon the execution and the delivery of the Trustee's deed hereunder and without notice or demand therefor."

When appellants purchased the property from the original mortgagors, they succeeded to the rights and assumed the obligations of their grantors under the deed of trust and, in like manner, when respondent purchased the property from the trustee at the sale, he assumed the trustee's position. Under the language of the deed of trust quoted above, the landlord-tenant relation, at least in formal terms, existed between respondent and appellants.

Appellants argue, however, that the nominal conveyance under a deed of trust is no more than a fiction which is rejected under current Missouri case law adopting the lien theory of mortgages. They cite *R.L. Sweet Lumber Co. v. E.L. Lane, Inc.,* 513 S.W.2d 365 (Mo. banc 1974), *Tipton v. Holt,* 610 S.W.2d 659 (Mo.App.1981) and *Quirk v. Sanders,* 673 S.W.2d 850 (Mo.App.1984). They admit that none of these cases involves a mortgage foreclosure and candidly acknowledge no authority in the reported cases has been found directly supporting their contention that unlawful detainer will not lie to aid a purchaser at a sale under a deed of trust.

No significant change has been made in the statutory designation of parties entitled to bring unlawful detainer since 1853 nor has the form of the action been materially altered. *Quirk v. Sanders, supra* at 854. The case of *Sexton v. Hull,* 45 Mo.App. 339, 345 (1891), discussed exactly the contention made by appellants here, that is, whether under the traditional language used in deeds of trust, the trustee is invested with legal title so that a tenancy is created in the mortgagor. The court concluded that it was and that the grantee of the trust could maintain an action in unlawful detainer. The law as announced in *Sexton* has never been questioned in any reported case in Missouri for more than ninety years. *See also, Wishart v. Gerhart,* 105 Mo.App. 112, 78 S.W. 1094, 1095 (1904).

The cases relied on by appellants do adopt the view that a deed of trust is in fact a lien which is not recognized as an estate in lands. The cited cases, however, do not involve controversies between the parties to the deed of trust or their successors in interest. None speaks to the question of whether the terms of the deed of trust are enforceable as between those who made the contract. Thus, in *R.L. Sweet Lumber Co.,* the issue was whether subcontractors were required to give statutory notices of their mechanics' liens to mortgagees as owners before being entitled to perfect their liens under § 429.010–429.360, RSMo.1986. *Tipton v. Holt, supra,* involved only the question of whether default in payment of a mortgage note could be cured prior to foreclosure with tender of payment of principal and interest without attorney fees. A comment regarding the lien status of a deed of trust was merely

incidental to the holding that proper tender of payment extinguishes the power of sale in the trustee.

The most recent case, *Quirk v. Sanders, supra,* is helpful in its discussion of unlawful detainer, but is not authoritative either as to a mortgage foreclosure or as being in conflict with *Sexton,* which it cites. *Quirk* holds only that a purchaser at an *execution* sale does not have the subsisting relationship with the judgment debtor which entitles the purchaser to sue in unlawful detainer. Such a purchaser is put to ejectment.

■ We conclude that long accepted doctrine in Missouri supports the enforcement in literal terms of the agreements made between grantor, grantee and trustee in a deed of trust. Here, a landlord-tenant relation was specified. Respondent and the trial court were entitled to rely on that agreement as the necessary factual underpinning to support maintenance of an action for unlawful detainer against appellants.

In the second point, appellants complain that the trial court erred "* * * when it excluded defendants' evidence regarding fraud and/or unfair dealing on the part of Bobbitt and the bank." The point evidently refers to an offer of proof made, out of the hearing of the jury, in which appellants' attorney questioned respondent and an officer of the bank, Gerald Snyder. The gist of the defense which appellants contend would have been supported by the rejected evidence was that respondent, then an employee of the Commercial Bank, was furnished the funds with which to purchase the property at the foreclosure sale and by this maneuver the bank denied appellants their statutory right of redemption.

Essentially the same contention is made in appellants' third point, but in a different context. The limited question on the second point is whether any error was made in the rulings on evidence.

■ We have examined the transcript and find that all or substantially all, of the facts appellants sought to bring before the jury by the excluded evidence were already in evidence through cross-examination of respondent's witnesses and were undisputed. It was acknowledged by witness Snyder and by respondent that respondent was at the time of the foreclosure sale an employee of the bank, that he was requested by the bank as a favor to attend the sale and bid on the property and that the money to pay the trustee for the purchase was furnished to respondent by the bank. All of the testimony and exhibits contained in appellants' offer of proof did no more than expand upon these basic facts.

If evidence should not have been excluded, the error is harmless if the same evidence is found in the testimony of the same or other witnesses, given before or after the objection was sustained. *Cotner v. Blinne,* 623 S.W.2d 615, 620 (Mo.App.1981).

It may be that the prejudice appellants suffered was in restriction upon closing argument, a matter only for conjecture in the absence of any record on the subject, or in the refusal of certain jury instructions offered by appellants, an issue presented in the motion for new trial but not raised here. The ruling which denies appellants' second point does not address these latter questions and expresses no opinion as to their merit. It suffices to say that the point as briefed demonstrates no prejudice and therefore no reversible error.

The third point focuses more accurately on the issue of the fraud claim. Appellants had filed in the associate circuit court a counterclaim and third party claim in tort asserting the fraud allegedly committed when the bank and respondent conspired to defeat their redemption rights. Those rights existed under the statute, § 443.410, RSMo.1986, only when the mortgagee purchases the property at the sale. It was appellants' contention that respondent was merely a straw party for the bank introduced into the transaction only for the purpose of preventing redemption.

The plaintiffs moved to dismiss the counterclaim and third party claim and the court sustained the motion. It is that ruling which is appealed here.

The grounds relied on by the court to support its ruling were that appellants had forfeited their redemption rights, irrespective of any fraud, by failing to procure a redemption bond and, even had they done

so, the extent of liens against the property more than exhausted any equity appellants may have had in the property.

The facts were, as the evidence disclosed, that appellants did serve a notice of intention to redeem by delivering the notice to the trustee. Thereafter, however, they did nothing to pursue their rights, either by treating respondent as the bank's agent and undertaking to perfect their right to redeem, or by instituting proceedings attacking the validity of the foreclosure sale. Instead, and despite full knowledge of the facts, they simply refused to surrender possession of the property from the day of the sale in May until the following October when this suit was commenced.

The evidence also showed the following encumbrances against the subject real estate as of the date of the foreclosure sale:

| | |
|---|---|
| Deed of Trust to North American | $18,000.00 |
| Deed of Trust to Commercial Bank | 88,000.00 |
| Federal Tax Lien filed 1/24/80 | 11,516.41 |
| Federal Tax Lien filed 7/17/81 | 2,283.61 |
| Federal Tax Lien filed 10/8/79 | 29,598.77 |
| Transcript of Judgment 11/30/81 | 1,146.70 |
| Federal Tax Lien filed 4/16/82 | 1,490.67 |

An appraisal report admitted in evidence established the fair market value of the subject property to be $95,000.00, an amount considerably less than the outstanding liens and encumbrances. It is perfectly apparent that there was no equity value represented by appellants' ownership interest prior to foreclosure.

Based on the facts stated, appellants' counterclaim and third party claim were properly dismissed on the grounds that appellants waived their potential right to redeem by inaction. Even were there to have been no waiver, however, the claims stated no cause of action warranting relief because appellants suffered no loss by being denied a right to redeem. There was no equity value in the property.

The judgment is affirmed.

All concur.