Susan M. Hais, Clayton, for appellant.

Michael R. Swafford, St. Louis, for respondent.

**Judith GUEVARA, Appellant,**

v.

**James Joseph FRIEDEMAN,
Respondent.**

No. 52132.

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 1987.

SATZ, Presiding Judge.

This is a personal injury action resulting from an alleged multiple car collision. Plaintiff, Judith Guevara, sued three defendants. Defendant Robert Eichelberger (Eichelberger) was dismissed by the court following plaintiff's opening statement. Defendant Cynthia Bellon (Bellon) was dismissed by the court at the close of plaintiff's case. Plaintiff apparently submitted her case to the jury against the third defendant, James Friedeman (Friedeman), on failure to keep a lookout.[1] The jury returned a verdict in favor of defendant. Plaintiff appeals. We affirm.

Plaintiff makes two arguments on appeal. Neither one has merit.

Plaintiff argues the verdict is against the weight of the evidence. The trial court has authority to determine whether a jury verdict is against the weight of the evidence. We, as an appellate court, do not. *E.g., Neavill v. Klemp*, 427 S.W.2d 446, 449–450 (Mo.1968).

Plaintiff also argues the verdict was "contrary to physical facts, and inherently

---

1. The record before us does not contain a copy of plaintiff's verdict directing instruction. However, failure to keep a lookout was the only claim of negligence pleaded by plaintiff against Friedeman.

impossible". To support her argument, plaintiff relies solely on selected portions of her evidence. According to plaintiff, her car was the second car in a row, in a multiple car collision. Plaintiff testified a white car was the third car, immediately behind her. She said the car in front of her slowed down and stopped. Plaintiff then stopped her car. Plaintiff said her car was then hit in the rear end by a white car and this white car hit her a second time with its passenger side. Plaintiff also said defendant's car was directly behind her and "there were no other intervening vehicles". A police officer, who arrived on the scene after the accident, testified from his refreshed recollection that Friedeman's car, a white Buick, had left front-end damage. Bellon testified Friedeman's and plaintiff's cars were in close proximity at the point of rest.

This evidence, plaintiff argues, shows the damage to her car and her resulting personal injuries could have been caused only by defendant's car hitting the rear end of her car. This argument may be valid if it is limited to the evidence carefully selected by plaintiff from her case in chief. Plaintiff's argument, however, fails to consider Friedeman's evidence and, thus, is too narrowly based. Friedeman's evidence, if believed, shows he was not responsible for plaintiff's damages and personal injuries.

Friedeman and his wife, who was a passenger in his car, testified his car did not hit the rear end of the car in front of him and there was no damage to the front end of his car. In corroboration, Friedeman introduced photographs of his car, which, he stated, accurately depicted the way his car looked following this incident. These photographs showed no front-end damage to his car. These photographs did show damage to the passenger's side of Friedeman's car. This damage, Friedeman explained, was caused by a collision between his car and Bellon's car. According to both Friedeman and Bellon, the collision between their two cars did not involve plaintiff's car.

Friedeman's evidence obviously conflicts with plaintiff's. With this conflict before it, the jury could choose to believe or disbelieve any witness. *E.g., Hoene v. Associated Dry Goods Corporation,* 487 S.W.2d 479, 484 (Mo.1972). The jury also draws the inferences from the operative facts it chooses to find. *Elgin v. Kroger Grocery & Baking Co.,* 206 S.W.2d 501, 506 (Mo.1947). Here, the jury evaluated the evidence of both parties. It chose to accept Friedeman's version. Plaintiff's "physical facts" argument is misdirected and, thus, misses the mark. *See, Apperson v. Bi-State Development Agency,* 685 S.W.2d 594, 596 (Mo.App.1985).

Judgment affirmed.

CRIST and KELLY, JJ., concur.