AGRIBANK FCB, a federally chartered corporation, Plaintiff–Respondent,

v.

CROSS TIMBERS RANCH, INC., an Arkansas corporation, Defendant–Appellant.

No. 19940.

Missouri Court of Appeals, Southern District.

March 21, 1996.

**258**

William A.R. Dalton, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for appellant.

Jerry W. Venters, Venters, Pletz & Reed, P.C., Jefferson City, for respondent.

PER CURIAM.

Cross Timbers Ranch, Inc., appeals from a judgment of the Circuit Court of Hickory County, Missouri, entered upon a jury verdict finding in favor of Plaintiff AgriBank FCB on its claim of unlawful detainer.

In 1978, Allison Brothers, Inc., predecessor in interest to Cross Timbers Ranch, Inc. (Cross Timbers) and William E. Allison and Mallie A. Allison, executed a $500,000.00 promissory note to The Federal Land Bank of St. Louis, predecessor in interest to Respondent AgriBank FCB (AgriBank). The note was secured by a deed of trust, with a power of sale provision, covering 3,736 acres of farm property located in Hickory County, Missouri (the property). The record shows that Allison Brothers, Inc., and its successor in interest, Cross Timbers, suffered financial reversals and filed a Chapter 11 Bankruptcy in Oklahoma, followed by a Chapter 12 Bankruptcy in Missouri. When AgriBank attempted to foreclose under the deed of trust a third bankruptcy action, a Chapter 11 proceeding, was filed. During the course of the Chapter 12 proceeding AgriBank obtained relief from a stay order and proceeded to foreclose on March 12, 1993. AgriBank purchased the property for $675,000.00 and a substitute trustee's deed was duly executed on June 16, 1993. AgriBank did not then take control over the property or its farm operations.

Both before and after the foreclosure sale there were on-going discussions relating to restructuring the loan as well as the sale of the property back to Cross Timbers pursuant to federal lending rights accorded Cross Timbers.[1] Additionally, Cross Timbers notified the substitute trustee and AgriBank of its intentions to exercise its statutory rights of redemption but it did not do so. There were also failed negotiations for the leasing of the property to Cross Timbers. On December 1, 1993, AgriBank made a demand for possession of the property, effective December 8, 1993. AgriBank never collected rent from Cross Timbers after foreclosure.

Cross Timbers contends that AgriBank's agents had legally bound the lender through an oral agreement to continue the farming operation by harvesting the crops, taking care of the property and accounting for the rentals. AgriBank denies these allegations.

Cross Timbers argues two points on its appeal. First it contends that the trial court erred in overruling Cross Timbers' motion for judgment notwithstanding the verdict. Cross Timbers asserts that as a matter of law AgriBank was not entitled to recover in its unlawful detainer action because AgriBank had made an oral lease of the property to Cross Timbers. Therefore, a tenancy at will was created requiring a sixty day notice of termination and AgriBank had not proffered timely termination notice. Secondly, it argues that the trial court erred in giving AgriBank's Instruction No. 4 to the jury because the instruction did not require the jury to find either wrongful or unlawful possession of the property by Cross Timbers or that AgriBank had a right to possession at the time the unlawful detainer action was filed.

I

▪▪ "Appeals from trial court denials of motions for judgment notwithstanding verdict are treated in the same fashion as appeals from denial of motions for directed verdicts at the close of the evidence. In both

1. See 12 U.S.C.A. § 2202a(b)(1) and (2) and § 2219a (West 1988).

instances, the primary question is, did plaintiff make a submissible case?" *Norris v. Jones,* 687 S.W.2d 280, 281 (Mo.App.1985). We view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to AgriBank, the prevailing party, and will disregard all evidence and inferences to the contrary. *Dockery v. Mannisi,* 636 S.W.2d 372, 376 (Mo.App.1982). "If one or more of the elements of a cause of action are not supported by substantial evidence, a motion for directed verdict and for judgment [notwithstanding the verdict] should be granted." *Kennedy v. Fournie,* 898 S.W.2d 672, 680 (Mo.App.1995).

 Cross Timbers asserts that after the foreclosure an oral agreement was created when AgriBank expressly authorized it to continue the farm operation and maintain the property. Cross Timbers' witnesses testified at trial that its agents had been told by AgriBank's agents to continue to farm the ranch like it had in the past and to "keep the place up." Cross Timbers asserted that since it was lawfully in possession of the property a tenancy at will had been created and that unlawful detainer would not lie to oust it from the land because it had not been given the requisite 60 days to vacate as directed by § 441.050.[2] AgriBank denied that its agents entered into an oral agreement with Cross Timbers. It maintained that its agent, Mr. Strom, told Cross Timbers' agent that there was no agreement, "you're just here." AgriBank further asserted that it allowed Cross Timbers to hold over pursuant to negotiations for the repurchase, and later the leasing of the property to Cross Timbers, but never consented to the creation of a tenancy. Thus there was a clear conflict in the testimony of the witnesses. "With this conflict before it, the jury could choose to believe or disbelieve any witness." *Guevara v. Friedeman,* 732 S.W.2d 259, 260 (Mo.App. 1987).

 No type of tenancy at will, including a year-to-year tenancy, arises without some form of consent on the part of the landlord, whether express, inferred or implied. *Watkins v. Wattle,* 558 S.W.2d 705, 712 (Mo.App.1977). "The mere holding over by the tenant [after expiration of a leasehold] does not of and in itself create a new tenancy. It only gives the landlord the option to renew the lease. *No new term is created* until the owner, *in some manner,* recognizes the tenancy as existing." *Millhouse v. Drainage Dist. No. 48,* 304 S.W.2d 54, 59 (Mo.App.1957) (Italics in original.); *Kilbourne v. Forester,* 464 S.W.2d 770, 774 (Mo.App.1970). In *Martin v. Lorren,* 890 S.W.2d 352 (Mo.App.1994), the prior owners of a foreclosed property argued that they were entitled to a 30 day notice to vacate because a tenancy at sufferance had arisen when the purchaser did not immediately evict them. In that case the foreclosure sale took place some five months before the purchaser paid for the property due to the need for bankruptcy court approval of the purchase. This Court found that there was nothing in the record to indicate that the purchaser had allowed the previous owners to remain on the property as tenants and affirmed an ejectment judgment against the prior owners. *Id.* at 358.

 In the instant case, the trial court submitted Instruction 5 requested by Cross Timbers whereby the jury could have found that an oral lease had been created by the parties thereby precluding recovery under an unlawful detainer theory.[3] However, the jury found against Cross Timbers on its requested instruction, finding in favor of AgriBank. "Under Missouri law, a jury verdict will not be overturned unless there is a complete absence of probative facts to support the verdict. Such issues as the weight of the evidence, credibility of the witnesses and resolution of conflicts in the testimony are not matters for appellate review." *Steif v. Limpiphiphatn,* 814 S.W.2d 695, 697 (Mo.App. 1991) (Citations omitted.) "Removing a case from the jury is a drastic measure which may only be taken if in the exercise of fair and impartial judgment there is no room for reasonable minds to differ." *Kennedy,* 898 S.W.2d at 679. Because the jury found no

---

2. All statutory references herein are to RSMo 1986.

3. Instruction No. 5 is more fully set out and explained in Point II hereof.

oral lease was created between the parties, Point I is denied.

## II

In its second point, Cross Timbers argues that the trial court erred in giving AgriBank's Instruction No. 4 to the jury in that the instruction did not require the jury to find that AgriBank had a right to possession at the time it filed its action in unlawful detainer. Additionally, it did not require a finding that Cross Timbers was in wrongful or unlawful possession of the property.

Section 534.030 defines three distinct factual situations, or classes, that may constitute "unlawful detainer."[4] With regard to the statute, Judge Flanigan wrote as follows in *Watkins,* 558 S.W.2d at 712:

> The first class is the "hold-over tenant" class, the second (added in 1939) is the "hold-over employee" class, and the third is the "intruder class" (wrongful possession, without force, by disseisin) ... The relationship of landlord and tenant is unnecessary in actions under the "intruder class," but a written demand for possession prior to the institution of the action is necessary in such actions. *In actions involving the hold-over tenant class, no demand for possession is necessary but a landlord-tenant relationship must have existed.*

(Emphasis ours.) (Citations omitted.)

Therefore, in the instant case we apply the statutory language of the "first class" as herein mentioned, to-wit:

> "[w]hen any person shall willfully and without force hold over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to him, or the person under whom he claims ... such person shall be deemed guilty of an unlawful detainer." § 534.030.

The prerequisites to maintaining an action in unlawful detainer in the instant case are to show a landlord-tenant relationship and a willful holding over by the tenant after the termination of the leasehold. *See Cusumano v. Outdoors Today, Inc.,* 608 S.W.2d 136, 139 (Mo.App.1980). In light of the foregoing, we review Jury Instruction No. 4 which reads as follows:

### INSTRUCTION NO. 4

Your verdict must be for the plaintiff if you believe:

First, that plaintiff purchased the property in question at a foreclosure sale on March 12, 1993, and

Second, defendant failed to surrender possession of the premises to plaintiff after the foreclosure sale; and

Third, that defendant continues to hold over and detain possession of said premises, and

Fourth, that, as a result of defendant's conduct, plaintiff has been damaged.

Not in MAI

Submitted by Plaintiff.

There is no instruction form in Missouri Approved Instructions (MAI) for unlawful detainer cases. Rule 70.02(a), Missouri Rules of Civil Procedure (1993), requires that the instruction to be given be "... simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." To reverse a jury verdict on the ground of not-in-MAI instructional error, it must appear that the offending instruction misdirected, misled, or confused the jury. *Duncan v. First State Bank,* 848 S.W.2d 566, 568 (Mo.App.1993). "An instruction not in the MAI, and therefore improvised, must conform to the theory of MAI: that the statement follow the substantive law and can

---

4. § 534.030 reads as follows: "When any person shall willfully and without force hold over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to him, or the person under whom he claims; or when premises are occupied incident to the terms of employment and the employee holds over after the termination of such employment; or when any person wrongfully and without force, by disseisin, shall obtain and continue in possession of any lands, tenements or other possessions, and after demand made, in writing, for the delivery of the possession thereof by the person having the legal right to such possession, his agent or attorney, shall refuse or neglect to quit such possession, such person shall be deemed guilty of an **'unlawful detainer'.**" (Emphasis in Original.)

be readily understood." *Piva v. General American Life Ins. Co.*, 647 S.W.2d 866, 876 (Mo.App.1983).

Cross Timbers argues that Instruction No. 4 was in error because it failed to "require the jury find either the possession of ... Cross Timbers was wrongful or unlawful or that AgriBank had a right to possession at the time it filed its action in unlawful detainer." However, we find that under the facts of this case and by reason of Instruction 5 as discussed later in this opinion, the jury was not misdirected and Cross Timbers was not prejudiced by any omissions from Instruction No. 4.

■ "The sale and conveyance of property under a foreclosure of a deed of trust passes title as held by the mortgagor as of the date of the deed of trust." *City Bank & Trust Co. v. Thomas*, 735 S.W.2d 121, 122 (Mo.App.1987). A purchaser at sale under a deed of trust is entitled to possession as against the grantor of a deed of trust and any person claiming through the grantor. *Travelers' Ins. Co. v. Beagles*, 333 Mo. 568, 62 S.W.2d 800, 802 (1933).

■ A purchaser under a deed of trust may maintain an action for unlawful detainer where the terms of the deed of trust recite the creation of a leasehold interest, thereby establishing a landlord-tenant relationship, and the tenant willfully holds over after the termination of the leasehold. *Bobbitt v. Ogg*, 731 S.W.2d 258, 260–61 (Mo.App.1987); *Joseph v. Horan*, 29 S.W.2d 234, 235 (Mo.App. 1930); *Wishart v. Gerhart*, 105 Mo.App. 112, 78 S.W. 1094, 1095 (1904); *Sexton v. Hull*, 45 Mo.App. 339, 345 (1891).

In the instant case, AgriBank proved the existence of a lease within the deed of trust executed by Cross Timbers, pursuant to a provision that Cross Timbers was required to surrender possession of the property within ten days after a foreclosure sale.[5] A landlord-tenant relationship was established upon foreclosure of the deed of trust by virtue of the lease provisions in the deed of trust.

AgriBank was then entitled to possession as against Cross Timbers at the end of the ten day period. *Bobbitt*, 731 S.W.2d at 260–61. A demand for possession subsequently followed but Cross Timbers continued to hold over.

The terms "hold over" and "holding over" appear to be interchangeable. In interpreting the meaning of "holding over" in the unlawful detainer statute, the Missouri Supreme Court has defined "holding over" as, "the act of keeping possession by the tenant, without the consent of the landlord, of premises which the latter ... had leased to the former, after the term has expired." *Leone v. Bilyeu*, 361 Mo. 974, 238 S.W.2d 317, 320 (1951). Therefore, the third paragraph's directive to the jury requiring the jury to find that "defendant continues to hold over and detain possession of said premises," otherwise satisfies the requirement that Cross Timbers was in wrongful or unlawful possession of the property. In interpreting the unlawful detainer statute, which, save for the 1939 amendment, has largely remained unchanged since 1853, the United States Supreme Court said: [6]

> [T]he complainant shall not be compelled to make further proof of the ... detainer than that he was lawfully possessed of the premises, and that the defendant unlawfully entered into and detained or unlawfully detained the same; and that would seem to be the legislative interpretation of what was meant by "willfully holding over."

*Lehnen v. Dickson*, 148 U.S. 71, 79; 13 S.Ct. 481, 485; 37 L.Ed. 373, 376 (1893).

■ Nevertheless, the verdict director is flawed and erroneous because there was evidence showing that Cross Timbers' holding over could have been pursuant to a new oral lease entered into *after* the foreclosure sale. Under the directions of the instruction, the jury could never make this determination and therefore, there was no real defense to the verdict director. If there was a holding

---

**5.** The pertinent language of the deed of trust reads: "The Trustee hereby lets said premises to borrowers ... [borrowers] shall surrender peaceable possession of said premises to said ... pur-chasers thereof, within ten days after such sale...."

**6.** *See Bobbitt*, 731 S.W.2d at 260.

over, for *whatever* reason, the jury was required to return a verdict for AgriBank.

We now determine whether Instruction No. 4 prejudiced the defendant. Rule 70.02(c), Missouri Rules of Civil Procedure (1993); *Murphy v. City of Springfield*, 794 S.W.2d 275, 278 (Mo.App.1990). "It is not enough to show erroneous deviation unless prejudice also appears." *Hudson v. Carr*, 668 S.W.2d 68, 71 (Mo. banc 1984). "Instructions must be considered and read together when assessing any claim of error. When the instructions are considered as a whole and there is no misdirection, any error, is not prejudicial." *Ahrens & McCarron, Inc. v. Mullenix Corp.*, 793 S.W.2d 534, 541 (Mo.App.1990) (Citations omitted.)

The trial court submitted Cross Timbers' Instruction No. 5 to the jury. The instruction is an affirmative converse, although not so designated. "[A]n affirmative converse instruction is appropriate where the verdict director assumes as true or omits a disputed ultimate issue." (Footnote omitted.) *Hiers v. Lemley*, 834 S.W.2d 729, 735 (Mo. banc 1992). The instruction reads as follows:

### INSTRUCTION NO. 5

Your verdict must be for Defendant if you believe:

First, that on or about July 8, 1993, Plaintiff orally agreed with Defendant that Defendant could remain in possession of the property, continue to farm the property, and maintain the property known as Cross Timbers Ranch, and

Second, Defendant did continue to farm the property and maintain the property in reliance on Plaintiff's oral agreement, and

Third, on the date the suit was filed on December 14, 1993, Defendant was in possession of the property under such oral agreement.

Not in MAI; offered by Defendant

Implicit in the jury instruction was the direction that if the jury found that an oral agreement had been entered into, then Cross Timbers had not "willfully" withheld the property from AgriBank. The instruction therefore cured Instruction No. 4's defective directives regarding Cross Timber's failing to surrender or continuing to hold over and detaining the premises. By finding against Cross Timbers the jury necessarily concluded that Cross Timbers was willfully continuing in possession of the property since the jury found no oral lease had been created.

Additionally, it is appropriate to review the contents of closing arguments to assist in the determination of whether or not a deviation from MAI or not-in-MAI instructions has had a prejudicial effect on the jury. *Murphy*, 794 S.W.2d at 280; *Forinash v. Daugherty*, 697 S.W.2d 294, 308 (Mo.App. 1985). AgriBank's counsel emphasized that the jury had to view the case from the standpoint of an on-going series of legal maneuverings that had essentially allowed Cross Timbers to remain on the property over a period of four years without AgriBank receiving any money. More importantly, Cross Timbers' counsel emphasized Cross Timbers' right to remain in possession of the property on the basis of the oral agreement that, he argued, had been entered into by the parties. He related to the jury, *inter alia*, that "This instruction [Instruction No. 5] tells you that if Cross Timbers Ranch was on the property on the date that they [AgriBank] filed this action claiming an unlawful detainer, if they were in possession under the oral agreement, then you must find for Cross Timbers Ranch."

The jury was therefore not misdirected by Instruction No. 4, when considered in conjunction with Instruction No. 5. These instructions hypothesized the ultimate facts that had to be decided by the jury. Any instructional error found in Instruction No. 4 was therefore not substantially prejudicial to Cross Timbers because the combined instructions substantially tracked the statutory law of unlawful detainer and the jury had the clear opportunity to find or not find there was an oral lease. Point two is denied.

The judgment of the trial court is affirmed.